# AUSTIN TERM, 1893.

### H. R. McDANIEL v. THE STATE.

*No. 127.   Decided June 17.*

ON MOTION FOR REHEARING.

**1. Local Option Election — Publication of Result, when Sufficient.**—Article 3234, Revised Statutes, provides that the order of court declaring the result of a local option election, and prohibiting the sale of intoxicating liquors, shall be published for four successive weeks in some newspaper published in the county.   On a trial for violation of local option, where it appeared that after the order declaring the result of the election had been published for three successive weeks, an injunction was sued out restraining and prohibiting its further publication, and after the dissolution of such injunction the order was published for another week, *held*, that the publication was sufficient, and for "four successive weeks" in contemplation of the statute.   SIMKINS, Judge, dissenting.

**2. Same—Order Prohibiting Sale, when Sufficient—Surplusage.** The order of the court declaring the result and prohibiting the sale of intoxicating liquors, as provided by article 3233, Revised Statutes, is not required to

state the *date* the election was ordered, and an erroneous or inadvertent misstatement of said date in such order will be treated as surplusage.

**3. Charge of Court, How Construed.**—A charge of the court should be construed as a whole, and not by isolated paragraphs, which, considered by themselves. might be misleading or subject to criticism.

Appeal from County Court of Rockwall. Tried below before Hon. I. J. Austin, County Judge.

Appellant was prosecuted by information for violation of local option in precinct number 1, Rockwall County, and on his trial was convicted, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

From this judgment this appeal is prosecuted. The appeal came on for hearing at the Dallas Term, where the judgment was affirmed March 15. Opinion by Davidson, Judge, Judge Simkins being absent. A motion for rehearing was made and taken under advisement, and transferred to the Austin branch, where it was overruled on June 17 by a majority of the court, without a written opinion; Simkins, Judge, dissenting in an opinion which will be found below.

A brief summary of the facts which were involved in the appeal may be stated as follows:

The State proved the sale of intoxicating liquor as alleged in the information, and also put in evidence an order made by the Commissioners Court prohibiting the sale of intoxicating liquors within said territory. This order recited the filing of the petition for the election to have been made on the 8th day of August, 1892, and recited that the order for the election was made on the same day, 8th day of August, 1892. This order further showed, that A. R. Hartman, then county judge, selected the Rockwall News in which to publish same, and the court ordered that said order, or a true copy thereof, shall be published for four successive weeks in said paper. Said order of prohibition was published for three successive weeks, beginning in its issue of September 16, and followed in that of the 23rd and 30th, being three successive issues of the newspaper, which was a weekly. It was not published any more after the 30th of September until November 18, in which issue it was published the fourth and last time. The issues of the paper of October 7, 14, 21, and 28, and November 4 and November 11, 1892, did not contain the publication of said order. Appellant proved by the clerk of the County and Commissioners Court and the records of said court produced in court, that no order for an election on prohibition was made by the Commissioners Court and the records of said court on "August 8, 1892," as recited in the order declaring result and prohibiting the sale. The State put in evidence an order for an election made on August 13, 1892, to which appellant objected and was overruled. The State put in evidence certain

injunction papers, showing that the editors of the Rockwall News were enjoined from publishing the prohibition order, which paper showed that final judgment dissolving the said injunction was rendered on November 17, 1892, from which appellant, who was one of the plaintiffs therein, gave notice of appeal, and filed supersedeas appeal bond on November 18, 1892.

*Stroud & Chandler*, for appellant.—1. It is not a violation of the law to sell intoxicating liquors where all the prerequisites to putting prohibition into effect have been complied with, until the order declaring the result has been published for four successive weeks. The final order declaring the result and prohibiting the sale of intoxicating liquors in precinct number 1, Rockwall County, was never published in a newspaper, or in any other manner, for four successive weeks. Donaldson v. The State, 15 Texas Cr. App., 29; Sayles' Stats., art. 3239.

2. Whether a prohibition order has been published four successive weeks in a newspaper, if there be one in a given territory, or by posting same in public places therein, is a question of fact. Sayles' Civ. Stats., arts. 3234, 3239; Donaldson v. The State, 15 Texas Cr. App., 29; Phillips v. The State, 23 Texas Cr. App., 304.

3. The court erred in holding the law to be, and so charging the jury, that four weeks which were not successive in fact were successive in law by reason of the injunction; and such charge invaded the province of the jury to determine the fact whether the publication was made four successive weeks. The publication of an order a given number of times in succession is in its nature purely a question of fact; and in the case of the publication of a prohibition order, is made a question of fact by the statutes providing therefor and defining the effect of the certificate of the county judge entered upon the minutes of the Commissioners Court, to be prima facie evidence of such fact of publication. Sayles' Civ. Stats., arts. 3234, 3239; Phillips v. The State, 23 Texas Cr. App., 304; Smith v. Hoyt, 14 Wis., 252; The State v. Kaufman, 45 Mo. App., 656; The State v. Dugan (Mo.), 19 S. W. Rep., 195; 46 Mo. App., 4215.

*R. L. Henry*, Assistant Attorney-General, for the State, submitted the following brief:

Appellant's punishment was assessed at a fine of $25 and confinement for twenty days in the county jail. Several questions are raised, but it is only necessary to notice three of the errors assigned, the remainder being regarded without merit.

1. Appellant contends, that the order of court declaring the result of the election was not published for "four successive weeks" in some newspaper, as required by statute. Let us see if this is true. By an inspection of the record we find that an election was ordered by the Com-

missioners Court on August 13, 1892. The result of this election was declared on the 13th of September following. Publication of the result was made in the Rockwall News, a newspaper designated by the county judge for that purpose. This order was published for three successive weeks, viz., September 16, September 23, September 30, 1892. Thereupon, Hon. R. E. Burke, one of the district judges of Dallas County, on the 30th of September, granted a temporary injunction restraining the further publication of the order. On the 7th day of October, at the instance of the same parties, he granted a similar injunction, which injunctions remained in force until November 17, when said injunctions were duly dissolved. The order declaring the result of the election was then, on November 18, after a lapse of six weeks, again published one week, completing the four weeks. Article 3233, Sayles' Annotated Statutes, requires the court to meet and declare the result of the election. Article 3234 requires the court, where local option obtains, to have published in a newspaper selected by the county judge "for four successive weeks" the order declaring the result of the election. Where the result has been published for three successive weeks, and further publication is suspended by legal proceedings in the nature of an injunction, can it be said that such injunction destroys all steps in the way of all publication, although the injunction may afterwards be dissolved as without merit? Can a statute be thus nullified? This is the question here to be solved. It is stated as a proposition, that the law will not compute the time the injunction is in force, but will treat it as a blank. This question is similar to one of limitation. For instance, it is well settled that statutes of limitatation do not run against any claim while it is in litigation. Kothman v. Skaggs, 29 Kans., 5; 13 Am. and Eng. Encycl. of Law, 745. When any proceeding at law is enjoined by a court of equity, the statutes of limitation do not run, parties do not lose their rights, for the simple reason that they are helpless, and without redress, until the injunction is dissolved. The reasonable and sensible construction to be placed upon the language, "four successive weeks," is that the Legislature intended for the publication to be so made in the absence of such legal obstacles as we have here. That when parties put such obstacles in the way of the complete successive or consecutive publication of the result of the election as this injunction, they can not take advantage of their action and suspend a statute, nor did the injunction have the effect of rendering void the prior publications or of preventing the continuity of the four publications. This publication was sufficient, and was for four successive weeks, in the eyes of the law, and this court can not compute the time the injunction was in force.

2. Appellant complains of the charge of the court. The following paragraph is the one assailed: "(3) If you find from the evidence that the

order of court declaring result was published four successive weeks by being published three successive weeks, and that the fourth and last publication was restrained by an injunction issued from the District Court of Dallas County by Judge Burke upon petition of defendant and others, and that when said injunction was dissolved by the District Court of Rockwall County the last and fourth publication was made, you will find the defendant guilty.'' Appellant contends, among other things, that this charge rests his guilt upon the publication of the order. The charge complained of is an isolated paragraph culled from the whole charge. It is not susceptible of the construction contended for, when taken in connection with the whole charge. The charge, as a whole, is, we think, sufficient. Construing paragraphs 1 and 3 of the charge together, and in connection with the whole charge, there is no error. The two paragraphs are perfectly consistent, and clearly present the law. The charge is not obnoxious to the other objections made.

3. It is contended that because the order of the Commissioners Court entered on the 13th day of September, declaring the result of the election, referred to the action of the Commissioners Court in ordering the election as being taken on the 8th of August, whereas in fact such order was made on the 13th of August, the election is illegal and void. The order for the election was in fact made on August 13. Court met on August 8, when the petition was presented, and adjourned to the 13th. Article 3233, Revised Statutes, does not require the order declaring the result to state the date the election was ordered. Such statement would be mere surplusage, not being required by the statute. It is only necessary to state that the sale of intoxicating liquors is absolutely prohibited within the prescribed limits, except for certain purposes (enumerated in the statute). In point: Lipari v. The State, 19 Texas Cr. App., 431; Ex Parte Burrage, 26 Texas Cr. App., 36, 37. The court will note the great difference in the language of the act of 1887, passed since a great many of the decisions referred to by appellant were rendered. See last four lines, respectively, of articles 3233, 3234, Sayles' Ann. St.

The other questions have been thoroughly considered, but do not require any special mention in this brief. The State asks that the judgment be affirmed.

DAVIDSON, JUDGE.—After careful examination of the able brief of the Assistant Attorney-General and authorities cited and reasons adduced, we are convinced that his positions are correct, and we adopt his brief as the opinion of this court.

*Affirmed.*

HURT, P. J., concurs. SIMPKINS, J., absent.

ON MOTION FOR REHEARING.

SIMKINS, Judge, dissenting.—I can not concur in the opinion of the majority. The local option law requires the result of the election to be published for four *successive* weeks in the county newspaper. Rev. Stats., art. 3234.

The result of the local option law in Rockwall County was published for three successive weeks in the Rockwall News. At the end of the third week, to-wit, September 30, 1892, the district judge granted a temporary injunction restraining the *further publication* of the order. After a lapse of six weeks, to-wit, November 17, the injunction was dissolved, and the order declaring the result was again published one week longer, completing the four weeks required.

The question in the case is, Has there been a publication for *four successive weeks* of the order of the court declaring the result as required by article 3234?

If I understand the argument of the Assistant Attorney-General, adopted as the opinion of the majority, the six weeks in which the publication was restrained by injunction of the District Court is not to be computed, but the statute is held complied with, and the order was deemed published for four successive, although six weeks elapsed between the third and fourth week: first, because this case is like the cases of limitation in which the time of limitation or absence are not computed; second, that appellant in this case enjoined, and can not take advantage of his own wrong.

How such reasoning applies to the question at issue I am at a loss to determine. As between private litigants, it is a general rule, that the statute of limitation does not run pending litigation; and when one sues out an injunction against the enforcement of a claim he can not set up the limitation that by his own act has intervened pending the injunction.

This, however, is not the enforcement of a claim or cause of action, but the adoption of a public law. The question here is, Has the local option law become of force in Rockwall County by compliance with the local option statute, requiring a publication of the order declaring the result of the election for four successive weeks?

If the law is of force, it is because it has been legally adopted and legally published, and it must be in force not only against the one who injoined it, but all other persons living within the local option district.

It is not now an open question in this court, that the various steps required in the adoption of a local option law must be substantially complied with, and it will not be denied, that the order declaring the result is a necessary step. It is the promulgation of the law. The statute declares it must be done by publication for "four successive weeks." There can be no misunderstanding of the words. We have no right to take from nor add to the statute. If from any cause the publication is inter-

fered with, it must be begun again until the law is complied with. But it is insisted, that this construction may enable parties opposed to the law to sue out repeated injunctions and prevent successive publications, and thereby nullify the law. Such a condition of things can not legally exist, and if it could, I could not hold that a publication of four weeks, *scattered by injunctions, over a period*, say, of over a year, was "four successive weeks."

The difficulty in the case does not lie in the law itself, but in the interference with it. It is certainly difficult to understand upon what ground an injunction can issue, as in this case, against the publication of the order declaring the result. If the law was void by reason of any mistake, failure, or fraud in any of the prior steps necessary for its adoption, a publication of the result could have added no force or efficiency; whereas, if all the prior steps were valid, the court, by enjoining the publication, lends the power and process of the court to thwart the will of the public.

It should not be forgotten that a plain and equitable remedy is provided in the law itself. Under article 3239a of the Revised Statutes, ample provision is made for the contest of the result of the election, and the grounds set forth upon which the contest must be made. This contest must be filed before the expiration of the thirty days during which the publication is carried on. Now when the contest is filed, there can be no possible necessity for an injunction; for the publication not being completed, the law can not be enforced; and when completed, the contest being previously instituted is then pending, and ipso facto suspends the operation of the law, which, if found on contest not to be legally adopted, a new election is ordered. I am therefore of the opinion, that the law can not be legally nullified by district judges interfering with the publication of the order. That it may be done illegally is no reason why I should disregard the requirement of the statute in holding, that the four successive weeks need not be successive when there is illegal judicial interference. I think the rehearing should be granted upon this question. I concur in the other points decided.