26  539
126  545

[No. 3988.]
## EDWARDS v. THE PEOPLE.

1. APPELLATE PRACTICE—INSTRUCTIONS—OBJECTIONS.
Where the instructions in a case were oral and were afterwards arbitrarily divided into paragraphs and numbered by counsel for plaintiff in error, a general objection and exception to a part of the instruction designated by its paragraph number is insufficient to bring up the instruction for review.

2. SAME.
Where error is assigned to an instruction as a whole, separable parts of which are correct, the assignment is bad.

3. SAME—DEFECTS CURED.
Although part of an instruction if taken alone would be misleading and erroneous, yet if it is immediately followed by a further direction on the same matter which clearly lays down the proposition so as to remove any wrong impression the jury might have received from the incorrect part of the instruction, the objectionable part is cured.

4. APPELLATE PRACTICE IN CRIMINAL CASES—BILLS OF EXCEPTION—MOTION FOR NEW TRIAL.
In criminal cases a motion for new trial, the ruling thereon and exceptions thereto are not part of the record unless made so by a bill of exceptions, and unless so preserved by bill of exceptions error cannot be assigned thereon.

*Error to the District Court of Logan County.*

Mr. W. E. CRISMAN, for plaintiff in error.

Mr. DAVID M. CAMPBELL, attorney general, Mr. CALVIN E. REED and Mr. DAN B. CAREY, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendant was convicted of the larceny of twenty-four head of neat cattle, and to reverse the sentence imposed on him has brought the case here on error. Of the errors assigned, all were abandoned by counsel for plaintiff in error at the oral argument, except the two following:

(*a*) The court erred in giving to the jury what is now called instruction number seven, reading:

" The court further instructs you that it is not necessary for you to find that all of this stock, or in fact any of it, has been proved to have been in all respects as described in the information, but it is your duty to find that some one or more of them were substantially the same. The point for you to determine is the identity of at least a portion of the property lost by McRoberts, if any was lost, with at least a portion of the property described in the information. In order to make myself clear, if it has not already been done, I further say to you that it is not necessary for the state to prove the description given to the full twenty-four head of stock named in the information, but as to that part of the case it has done what the law requires if it has proved that any one or more of those twenty-four head were branded and otherwise marked as described in the information. In other words, you are instructed that when one or more articles are alleged to have been stolen, proof of any one of them is sufficient to make the case, so far as that part of the case is concerned."

(*b*) The court erred in overruling the motion for a new trial.

1. For the present purpose it may be conceded that the first sentence of the above quoted instruction, taken by itself, is an incorrect statement, in that it is susceptible of the interpretation that it was not necessary for the people to show that at least some of the cattle stolen corresponded to those described in the informatiom.

In the first place, it may be said that the plaintiff in error is not in a position to urge this objection. The charge was given orally, and apparently the division thereof into separate paragraphs in the abstract was subsequently and arbitrarily made by counsel for the plaintiff in error. The general objection, therefore, made to what is now called instruction number seven would not, under our practice, be good.

But if it be conceded that this was given as a separate in-

struction and designated by a number, the objection made at the time was not sufficient. Confessedly the latter portion states the law correctly, and under Rule 11 of this court, and under the established practice where error is alleged to an instruction as a whole, separable parts of which are correct, the assignment is bad.

But aside from these considerations, we are satisfied that the jury were not misled, for in immediate connection with, and directly following, the objectionable feature of the instruction, the attention of the jury is specifically called three times to the proposition of law which the court was endeavoring to lay down, viz., that in order to convict it was necessary to find that at least a part of the property proved to have been stolen was identical with at least a part of the property described in the information. We understand the law to be, where one is charged with larceny of a number of articles, all of which are described in the same terms, that number is not descriptive, and proof of any one or more of the articles,—which this record clearly shows was furnished, —will sustain the allegations of the charge and avoid a variance. The concluding portion of the instruction, which is but a restatement of the proposition attempted to be laid down in the first sentence, must have disabused the minds of the jurors of any inference they might otherwise have derived from the first part that it was not necessary for the description, as laid in the information to be met by the proof. Wharton's Crim. Evid. (8th ed.) §§ 121, 123, 125, 129, 132, 145; 1 Bishop's Crim. Procedure (3d ed.), § 488 b ; People v. Wiley, 3 Hill (N. Y.), 194, 213; Alderson v. The State, 2 Tex. App. 10; Kollenberger v. The People, 9 Colo. 233.

2. The second error assigned was not argued in the original brief of plaintiff in error, but was at the oral argument and the particular error then pointed out was that the evidence was insufficient to support the verdict. There is no specific assignment of error on this ground, and the defendant cannot now be heard to allege any error touching the ruling on the motion for a new trial. Neither the motion nor the

ruling nor defendant's exception thereto is preserved in the bill of exceptions. The established rule of this court announced so many times, is that, in a criminal case, these matters have no place in the record, but must be preserved by bill.

But in order to affirm this judgment it is not necessary to invoke these rules of practice, for the reading of all the evidence in the case satisfies us that every material averment of the information is abundantly established.

*Affirmed.*