Ex Parte Sam Gill v. The State.

No. 3252.    Decided October 11, 1905.

**Local Option—Validity of Election—Notice Required.**

Where on a habeas corpus trial, three notices declaring that local option should go into effect were shown to have been published as required by law, and that the fourth notice was enjoined in a civil proceeding and was suspended for some time, and afterwards by agreement the appeal from the district court refusing an injunction was dismissed, the last and fourth publication being made after the mandate was received in the first issue of the newspaper thereafter, there was no error, and nothing in the contention that this publication should have been made immediately on the dismissal of the cause in the Court of Civil Appeals.

From Rusk County.

Original application for habeas corpus for a release from arrest on a charge of violating the local option law.

The opinion states the case.

*R. T. Brown* and *Bufford & Bufford,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was arrested on a charge of violating the local option law, in Rusk County; sued out a writ of habeas corpus before Presiding Judge W. L. Davidson, who granted the same and made it returnable before the court at this term. The only contest made is as to the validity of the election. We understand the applicant to concede the legality of the proceedings preliminary to and attending the election, save and except he contends that the election was void because the four notices required to put local option into effect were not consecutive. As to these notices it is shown by the record that after the local option election held in Rusk County, and within the thirty days prescribed by law certain parties to wit: B. Brachfield, E. Dreeben, N. L. Marwilsky, W. E. Shadden, Julius Williams, and J. W. Gilliland, filed suit against W. W. Moore, county judge, et al., contesting the legality of the election theretofore held; and in connection with said suit they sued out an injunction, restraining the further publication of the notices putting local option into effect: three of said notices having at the time been published. On the trial of said case in the district court of said county on July 15, 1903, the court gave judgment against the plaintiffs and dissolved the injunction. From this judgment of the district court, plaintiffs prosecuted an appeal to the Court of Civil Appeals at Galveston. On November 18, 1903, said cause was dismissed on the following motion to wit: "W. E. Shadden et al., Appellants, v. W. W. Moore et al., Appellees. In the Court of Civil Appeals, First Supreme Judicial District, Galveston, Texas. In the above styled cause the appellants W. E. Shadden,

E. Dreeben, J. W. Gilliland, J. Williams, M. L. Marwilsky, and B. Brachfield, come by their attorneys of record herein, and ask this court to dismiss the appeal herein at their cost. (Signed) Israel Dreeben, W. P. Ellison, and Buford & Buford, Attorneys for all of the appellants in the above cause." In connection with the motion to dismiss, the following agreement was filed: "W. E. Shadden et al., Appellants, v. W. W. Moore et al., Appellees. Whereas, the appellants in the above styled cause have agreed to dismiss the same on their appeal in the Court of Civil Appeals, pending in the First Supreme Judicial District at Galveston, Texas, at their cost. In consideration of the premises, we the plaintiffs and appellees in said cause hereby agree not to have the final order of publication made so as to put prohibition into effect in Rusk County, Texas until December 23, 1903, and not to enter upon the minutes of the commissioners court the fact of such final publication until January 1, A. D., 1904. This agreement is made in view of the fact that said appellants have abandoned their appeal in the above cause and agreed to not further contest the result of said prohibition election or in any manner seek to avoid or evade the same. (Dated) November 12, 1903. (Signed) W. W. Moore, Co. Judge; D. R. Harris. Filed in the Court of Civil Appeals, November 13, 1903."

In pursuance of this agreement, the court entered the following decree: "Upon agreed motion of the parties herein, it is ordered that the appeal of this cause be dismissed, and that the appellants, B. Brachfield, E. Dreeben, N. L. Marwilsky, W. E. Shadden, Julius Williams, J. W. Gilliland, and their sureties S. G. Moss, A. T. Ramey, J. W. Young, Rade Kangerga, C. R. McDonough, and B. H. Hambrick, pay all costs in this cause incurred, both in this court and in the court below, and this decision be certified below for observance." Mandate in pursuance of this order and dismissal was issued by the clerk of the Court of Civil Appeals on December 14, 1903, and was filed by the district clerk of Rusk County on December 16, 1903. It may be also stated in this connection that the supersedeas bond accompanied the appeal.

As heretofore stated three publications of the notice putting local option into effect had been made prior to the filing of said suit and the granting of the injunction to wit: one on June 17th, one on the 24th, and one of July 1, 1903. The fourth and last publication was made on December 23, 1903.

We understand it to be contended by applicant that the last publication, in order to be consecutive, under the holding in McDaniel v. State, 32 Texas Crim. Rep., 16, should have been made in the first issue of the paper after said cause was dismissed by the Court of Civil Appeals on November 18, 1903; that the paper was a weekly paper, and more than a month elapsed after the dismissal of said cause before said fourth notice was published; and that consequently there were no four successive publications, as required, to put local option into effect, and in support of applicant's contention we are referred to Griffin v. State, 13 Texas Ct. Rep., 97. In Griffin's case it appears that after

the dissolution of the injunction, nearly two years elapsed before the resumption of the publication of the notices; two notices having been previously published. However, as we said in that case, the length of time intervening between the publications, if not authorized by law, would make no difference, and we adhere to that rule. The question here is, was there a sufficient legal excuse for any delay in publishing the last notice, after November 18th, when the case was dismissed in the Court of Civil Appeals. It appears from our procedure regulating the issuance of mandates from the Court of Civil Appeals, that the clerk was required to wait thirty days before the issuance of the same, and then, upon the payment of all costs, he is required to issue the mandate. (Arts. 1029, 1036, Rev. Civ. Stat., 1895.) We can see no difference between a judgment dismissing a case upon agreement and any other character of judgment, as to the time when the mandate should be issued. If we are correct in this view, then the clerk issued the mandate at the earliest day he was authorized to issue the same to wit: on December 14, 1903, and the mandate was received and filed by the district clerk on December 16th. The fourth publication was made in the first issue of the paper thereafter. We do not understand that applicant makes any contention as to this matter—his insistence being that the issuance of the mandate had nothing to do with the fourth publication, that this publication should have been made immediately on the dismissal of the cause in the Court of Civil Appeals. We do not agree with his contention. We hold that the county judge and other authorities were not authorized to take any further steps in the publication until the mandate was received. Accordingly we hold that the local option law was properly put into operation in Rusk County; and it is ordered that applicant be remanded to the custody of the sheriff of Rusk County, and that he pay the costs incurred.

*Relator remanded to custody.*