R. P. WILLIAMS v. THE STATE.

No. 4029.    Decided March 11, 1908.

1.—Local Option—Prescription—Practicing Physician—Medicinal Purposes.

Where upon trial for a violation of the local option law, the evidence showed that the whisky was not sold under a prescription of a regular practicing physician, the defense that the sale was for medicinal purposes was not tenable.

2.—Same—Publication—Certificate of County Judge.

Upon trial for a violation of the local option law, it was not necessary that the certificate of the county judge as to publication should show that the order was published each day for twenty-eight days in a newspaper, and a certificate of the judge that it was published for four successive weeks was sufficient, although twenty-eight days had not intervened between the date of the first and that of the last publications.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty a fine of $50, and twenty days confinement in the county jail.

The opinion states the case.

*Helton & Murchison,* and *F. C. Jackson,* for appellant.—Phillips v. State, 23 Crim. App., 304; State v. Swearington, 107 S. W. Rep., 1.

*F. J. McCord,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail.

Appellant's first insistence is, that the evidence does not support the verdict, because the sale was made for medicinal purposes. There is no merit in this contention, since the statute says, in order to sell whisky in a local option district there must be a prescription of a regular practicing physician. The record before us does not indicate anything of that kind.

The certificate of the county judge certifying that the order putting local option into effect in Haskell County is as follows: "This is to certify that the above and foregoing order of the commissioners court

of Haskell County, Texas, made and entered on the 5th day of April, 1905, has been published in the Haskell Free Press, a weekly newspaper published in Haskell County, Texas, and selected by me, for four successive weeks, to wit: April 8th, 1905; April 15th, 1905; April 22nd, 1905, and April 29th, 1905, as the law directs. Witness my official signature this April 29th, 1905. Oscar E. Oates, county judge, Haskell County, Texas." Appellant insists the court erred in admitting this order on the ground that in order to make a valid local option law, the order of the commissioners court declaring the result of the election and prohibiting the sale of intoxicating liquors, must be published for twenty-eight full days, and the day on which the publication begins, or on which the paper is issued, in which said order is published, shall not be counted or reckoned as one of the twenty-eight days, as it would not be a full day, and the order must be published in issue of said paper which occurs during the twenty-eight days of publication, and in case there should be a regular issue of said paper within twenty-eight days from the first day of publication, the publication would not be complete, and would not put the law into effect, hence it takes five publications in a weekly newspaper to make twenty-eight full days, and unless the order is published in five consecutive regular issues of said weekly paper, the publication is not complete, and the law is not in effect. Article 3391, of the Revised Civil Statutes for 1895, says: "The order of the commissioners court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose." Appellant cites to support his contention the case of Phillips v. State, 23 Texas Crim. App., 304. We there held that the local option law does not become operative until the order of the commissioners court declaring the result of the election has been published for four successive weeks, and the sale of intoxicating liquors in the community to be affected is not, prior to such publication, a violation of the local option law. The order in that case was published for four successive issues of the newspaper of July 4, 11, 18, and 25, and the trial court charged in substance, that the law became operative on the last named date. We held that this was error. The law contemplates that the order shall be published for four full consecutive weeks, or twenty-eight days from the day of its publication. The decision, instead of being authority for appellant, we take it, is authority for the converse proposition; that is, where it is published for four consecutive weeks, as it was in this case, that it does not have to be published each day for twenty-eight days in the newspaper, but it must be published for four consecutive weeks. It was done here. The sheer fact that the county judge certifies that it was published four weeks on the date of the last publication, we do not think would vitiate his certificate, since in all other respects it is regular. When the order was published on the 29th day of April, that covered and contemplated the week in which the 29th day of April was.

Now, if the facts in this case had shown that appellant was charged with violating the law on the 29th or 30th day of April, it would have been error not to have charged the jury that it took twenty-eight days to put the order into effect, but because it does take twenty-eight days in effect to make local option a law, it does not follow that the order must be published each day for twenty-eight days in a newspaper, but if it is published for four successive weeks, as stated in the statute, this is a compliance with the statute. We have heretofore held that where the order declaring the result of a local option election was published three weeks in a weekly newspaper, then its further publication was enjoined, and after the dissolution of the injunction, it was published another week, we held it was published for four consecutive weeks within the meaning of the statute. See McDaniel v. State, 32 Texas Crim. Rep., 16 and Ex parte Brown, 35 Texas Crim. Rep., 443. It follows, therefore, that appellant's contentions are incorrect.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*