### Avery Hogan v. The State.

#### No. 1652. Decided May 22, 1912.

**1.—Minor—Intoxicating Liquors—Indictment—Law in Force.**

This court can not take judicial knowledge that prohibition is in force in any given county or portion thereof, and where the indictment did not charge, upon trial of giving intoxicating liquor to a minor, that the prohibition law was in force, an objection that it is no violation of the law to give a minor intoxicating liquors in a prohibition county was untenable; besides, such transaction would be. an offense whether committed in prohibition or nonprohibition territory.

**2.—Same—Separate Offenses—Indictment—Pleading.**

Where there are several ways by which an offense may be committed, embraced in the same general definition, punishable in the same manner, and are of such character that each may be considered as representing a stage in the same offense, they may be charged conjunctively in the same count in the indictment.

**3.—Same—Local Option Law—Occupation.**

In an indictment for giving intoxicating liquors to a minor, etc., it is not necessary to allege that the sale is in violation of the local option law, or pursuing the occupation without license.

**4.—Same—Charge of Court—Requested Charges—Nonage.**

Where the court had properly instructed the jury that knowledge on part of the defendant that the person to whom he gave the liquor was at the time a minor was an essential element of the offense, there was no error in refusing a special charge thereon or in refusing a charge which was not the law: besides, there were no exceptions to the refusal of the charge.

**5.—Same—Knowledge—Circumstantial Evidence.**

Upon trial of unlawfully giving intoxicating liquors to a minor, the court

properly charged the jury that knowledge of the defendant that he gave such liquor to a minor might be proved by circumstances.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully giving intoxicating liquors to a minor, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of unlawfully giving intoxicating liquor to a minor; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted and convicted for giving intoxicating liquors to a minor without the written consent of his parent or guardian, found guilty and given the lowest penalty, a fine of $25.

The charging part of the indictment is as follows: "Did then and there unlawfully and knowingly sell and give and cause to be sold and given spirituous, vinous and intoxicating liquor to Horace Pratt, the said Horace Pratt then and there being a person under the age of twenty-one years, without the written consent of the parents or guardian or of someone standing in the place and stead of the parents and guardian of him, the said Horace Pratt." The law under which this prosecution was had is Penal Code, article 1054: "Any person who shall knowingly sell or give or deliver, or cause to be sold, given or delivered, or be in any way interested in the sale, gift or delivery of any spirituous, vinous, malt or intoxicating liquors to any person under the age of twenty-one years without the written consent of the parent or guardian of such person who is under the age of twenty-one years, shall be deemed guilty of a misdemeanor and shall be fined therefor not less than twenty-five nor more than one hundred dollars."

Appellant made a motion to quash the indictment on these grounds: First, it is no violation of law to give a minor intoxicating liquor in any county, or subdivision of a county, where the local option law is in full force and effect.

The indictment in this case does not show or intimate that the prohibition law was in force in Sabine County, or any part of it; neither did the statement of facts in any way show or intimate it. This court has uniformly held that it does not and can not take judicial notice that prohibition is in force in any given county or portion thereof anywhere in the State, but that in all cases charging a violation of that law it must be proven that said law had been put in force therein by the proper election, publication and orders. We could not assent to appellant's proposition even if it had been alleged

and shown that prohibition was in force in Sabine County because the statute makes it an offense to sell, give, etc., intoxicating liquors to a minor without the written consent of his parents, because the party to whom the intoxicating liquor is given is a minor, whether in prohibition or nonprohibition territory.

The second ground to quash was that the indictment attempts to charge two separate offenses under different statutes which prescribed two distinct and separate punishments. The law is that where there are several ways by which an offense may be committed set forth in the same statute, embraced in the same general definition, made punishable in the same manner and are of such a character that each may be considered as representing a stage in the same offense, they may be charged conjunctively in the same count in the indictment. This applies even to felonies, but without question to misdemeanors. Cabiness v. State, 146 S. W. Rep., 934, recently decided, and section 383, p. 286, of White's Ann. C. C. P. It is clear that the indictment in this case is within this rule and the authorities.

As to the appellant's third ground to quash, what we have said above fully answers that. He claims by the third that the indictment does not charge the selling in violation of the local option law, nor that appellant was pursuing the occupation or sale without obtaining a license. This was not necessary.

Appellant requested three special charges. First, to return a verdict of not guilty; second, that in order to convict appellant, the State must show that at the time of giving the liquor to Horace Pratt, if any was given him, that he knew that said Pratt was then and there a minor, or that his nonage was reasonably apparent to appellant, taking into consideration the said Pratt's general appearance; and, third, that the gist of the case was appellant's knowledge of the nonage of said Pratt, and unless it was shown beyond a reasonable doubt that appellant knew at the time of the giving, if any, said Pratt was a minor, to acquit the appellant.

The first charge should not have been given. The second and third were clearly covered by the court's main charge. Even if they had not been, as the appellant did not take a bill of exceptions to the refusal of the court to give them, this court can not consider them in a misdemeanor case. We have so many times recently stated this rule and cited the authorities that it is unnecessary to do so again in this case. The court in his charge besides giving reasonable doubt and that the burden was on the State, charged as follows:

"Knowledge on the part of the defendant that the person to whom he gave the liquor was at the time he gave him the same a minor is an essential element of this offense, and must be proved by the State in order to warrant a conviction.

"Such knowledge may be proved by circumstances as well as by direct and positive proof." Then the charge proceeds to submit the

question and requires the jury to believe beyond a reasonable doubt the alleged facts before finding him guilty.

The only other question is appellant claims that the evidence is insufficient to sustain the verdict. We quote the statement of facts in full:

"The State's witness, Horace Pratt, testified substantially as follows: "I was at Hemphill, Sabine County, Texas, on or about the 26th day of November, 1910, at a W. O. W. meeting; I went to the defendant's house some time in the night about 8 or 9 o'clock and the defendant had gone to bed; I went into his room and ask him if he had any whisky, or was there any whisky there; he said he did not know whether there was or not, but to look under the bed and see; the witness Pratt looked under the bed and found a quart of whisky, which he took and left the house; this was the only conversation between the defendant and State's witness with regard to whisky. The defendant lived with his father's family, and was a single man at the time.

"The witness further testified that he had known the defendant four or five years, but had not been well acquainted with him no more than two years. That he wagoned with the defendant four or five months last year; that to his knowledge the defendant had not known him more than two years; that the defendant did not know his age, and that he was seventeen and a half years old at the time of the transaction, and weighed between 150 and 160 pounds at the time, and had been shaving about one year; that he shaved as often as necessary, and that was about once a week; that he did not know how tall he was, but thought he was about five feet and eight or nine inches."

The court correctly charged that the knowledge of appellant that Pratt was a minor may be proved by circumstances as well as by direct and positive proof and the charge of the court on that subject is stronger against the State and in favor of appellant than appellant's own charge on the subject to the effect that the appellant knew at the time that said Pratt was a minor, "or that his nonage was reasonably apparent to the defendant, taking into consideration the said Horace Pratt's general appearance."

From this testimony it is seen that Pratt testified that he had known the appellant four or five years, but had not been well acquainted with him more than two years; that he wagoned with him four or five months the previous year, 1910. From this it is reasonable to conclude, and the jury were authorized to find that the appellant had known Pratt about the same length of time, four or five years, that Pratt had known him. It was doubtless true, as testified by said witness, that the appellant did not know his age, yet that would by no means prevent the appellant knowing that he was not twenty-one years of age. The appellant might not have known whether he was sixteen, seventeen, eighteen, nineteen or

twenty years of age and yet, from all the facts and his appearance, he doubtless did know that the said Pratt was not twenty-one years of age. Besides this, the jury had Pratt before them, could see him, hear his voice, judge of his appearance as well as the appellant could, and their finding, in effect, that he knew the said Pratt was not twenty-one years of age at the time he gave the said whisky is amply supported by the evidence and the jury were warranted in so finding.

The judgment will be affirmed.

*Affirmed.*