### GEORGIA GOODWIN v. THE STATE.

No. 2460.   Decided June 4, 1913.

**1.—Adultery—Sufficiency of the Evidence.**

Where, upon trial of adultery, the evidence sustained the conviction, there was no error.

**2.—Same—Agreement Not to Prosecute—Immunity.**

Where defendant was indicted with her paramour for adultery and the State dismissed her case on an agreement that she should testify for the State, but when called upon to testify, she refused, whereupon, she was again prosecuted. Held, that the State was not bound by said agreement, inasmuch as defendant had refused to carry it out.

**3.—Same—Marriage of Defendant.**

Where the information alleged that defendant and her paramour unlawfully lived together and had carnal intercourse with each other and that both of them were married, and proved on the trial that the said paramour was married at the time, the contention, that the defendant could not be convicted unless the State proved that she was lawfully married to another person then living, was untenable, and it was sufficient to prove that one of them was married. Articles 490 and 492, Penal Code.

**4.—Same—Rule Stated—Pleading and Proof.**

Where several ways are set forth in the same statute by which an offense may be committed and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses and they may be charged conjunctively in the same count. Following Phillips v. State, 29 Texas Crim. App., 226, and other cases.

**5.—Same—Surplusage—Information.**

Where the information, in a prosecution for adultery, charged that both parties were married and proved that one of them was married, this was sufficient, and the allegation as to the other marriage may be regarded as surplusage, it not being descriptive of the offense.

**6.—Same—Bill of Exceptions.**

Upon trial of adultery, there was no error in permitting two witnesses who were members of the grand jury which indicted defendant to testify what she testified to before the grand jury; besides, the bill of exceptions was defective.

**7.—Same—Argument of Counsel.**

Where the bill of exceptions was defective, with reference to the argument of counsel, the same need not be considered on appeal; besides, there was no error.

Appeal from the County Court of Rains.   Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*J. W. Humphrey,* for appellant.—On question of admitting testimony of grand jurors: Womack v. State, 16 Texas Crim. App., 178; Weller v. State, 16 id., 200; Collins v. State, 20 id., 399; Allen v. State, 12 id., 190; Cain v. State, 18 Texas, 387; Carter v. State, 37 Texas, 362.

On question of argument of counsel: Thompson v. State, 43 Texas, 268.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—From a conviction of appellant of adultery and a fine of $100 imposed, she appeals.

The evidence was sufficient to sustain the conviction. Some time before the prosecution the grand jury indicted appellant and one R. P. Butler, jointly, for living in adultery. Prior to Butler's trial appellant made a trade with the prosecuting officer that if he would dismiss said case against her she would testify fully on the trial of Butler. The State thereupon and before Butler's trial dismissed the case against her. When Butler was tried "she went back" on her agreement and refused to testify against him fully. Notwithstanding this, Butler was convicted. The State thereupon instituted this prosecution against her by complaint and information. She contends that the State was bound by its said agreement and she could not thereafter be prosecuted. She made a motion to this effect, which the court overruled. In allowing appellant's bill to the overruling of her motion, the court qualified it by stating: "When Mrs. Goodwin was placed on the witness stand in the Butler case, she claimed her privilege and refused to testify to any fact except that she was married to Goodwin and she understood he was then living. I overruled this motion because she refused to testify in the Butler case."

If she had carried out her agreement with the State and testified fully as she agreed on the trial of Butler, then the State would have been bound by said agreement and could not thereafter have prosecuted her.

But certainly the State was not bound by its agreement, unless she carried out her agreement with it. As shown above she refused to do. This question was raised by appellant several ways. The court committed no error on this point.

The appellant contends and raised the question in the lower court in different ways, that this conviction can not stand because the State did not prove that appellant was lawfully married to another person then living. The State did not prove that she was married to another person then living, but did prove that said Butler was married to another person then living. In other words, appellant's contention is that under the allegations in said complaint, the State had to prove that not only Butler was lawfully married to another person then living, but also had to prove that appellant was lawfully married to another person then living in order to sustain the conviction.

Our statute, making adultery an offense (P. C., art. 490), is: "Adultery is the living together and carnal intercourse with each other   .   .   .

of a man and woman when either is lawfully married to some other person." Article 492, on the same subject, is: "When the offense of adultery has been committed, both parties are guilty, although only one of them may be married."

The information, after the necessary formal allegations, alleges that appellant, on or about November 10, 1910, in Rains County, "did then and there unlawfully live together and have carnal intercourse with one R. P. Butler, the said R. P. Butler being then and there lawfully married to another person then living (and the said Georgia Goodwin being then and there lawfully married to another person then living), against the peace and dignity of the State."

Judge White, in section 405, page 297, in his Annotated Code of Criminal Procedure, collates some of the authorities, and therein lays down therefrom the correct rule, as follows: "Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses, and they may be charged conjunctively in the same count." See Phillips v. State, 29 Texas, 226; Lancaster v. State, 43 Texas, 519; Berliner v. State, 6 Texas Crim. App., 182; Copping v. State, 7 Texas Crim. App., 61; Day v. State, 14 Texas Crim. App., 26; Nicholas v. State, 23 Texas Crim. App., 317, 5 S. W. Rep., 239; Davis v. State, 23 Texas Crim. App., 637, 5 S. W. Rep., 149; Comer v. State, 26 Texas Crim. App., 509, 10 S. W. Rep., 106; Howell v. State, 29 Texas Crim. App., 592, 16 S. W. Rep., 533; Laroe v. State, 30 Texas Crim. App., 374, 17 S. W. Rep., 934; Willis v. State, 34 Texas Crim. Rep., 148, 29 S. W. Rep., 787; Brown v. State, 38 Texas Crim. Rep., 597, 44 S. W. Rep., 176; Moore v. State, 37 Texas Crim. Rep., 552, 40 S. W. Rep., 287; State v. Smith, 24 Texas, 285; State v. Edmondson, 43 Texas, 162. See also sec. 383, p. 286, White's C. C. P.

Mr. Bishop, in volume 1, section 434, of his New Criminal Procedure, says: "Some single offenses are of a nature to be committed by many means, or in one or another of several varying ways. Thereupon a count is not double which charges as many means as the pleader chooses, if not repugnant; and, at the trial, it will be established by proof of its commission by any one of them." Again, in section 436, he says: "A statute often makes punishable the doing of one thing, *or* another, *or* another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them."

As shown above by our adultery statute on this point, the other

requisites being shown, adultery is committed in either one of three ways,—first, when the man is lawfully married to some other person; second, when the woman is lawfully married to some other person, and, third, when both are married to some other person; that is, the man to another woman and the woman to another man. And as the statute states, "both parties are guilty, although only one of them may be married." And as shown by the authorities above cited, the State will have made its case when it "be established at the trial by proof of any one of them."

Again, it is elementary in this State that unnecessary words in an indictment may and should be rejected as surplusage, and that redundant allegations, and allegations which are in no manner necessary to a description of an offense, and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage and may be entirely disregarded as part of the indictment. Mayo v. State, 7 Texas Crim. App., 342; Gordon v. State, 2 Texas Crim. App., 154; Burke v. State, 5 Texas Crim. App., 74; Hampton v. State, 5 Texas Crim. App., 463; Smith v. State, 7 Texas Crim. App., 382; Rivers v. State, 10 Texas Crim. App., 177; Gibson v. State, 17 Texas Crim. App., 574; Holden v. State, 18 Texas Crim. App., 91; Moore v. State, 20 Texas Crim. App., 275; McConnell v. State, 22 Texas Crim. App., 354, 3 S. W. Rep., 699, 58 Am. Rep., 647; Osborne v. State, 24 Texas Crim. App., 398, 6 S. W. Rep., 536; Cudd v. State, 23 Texas Crim. App., 124, 12 S. W. Rep., 1010; Watson v. State, 28 Texas Crim. App., 34, 12 S. W. Rep., 404; McLaurine v. State, 28 Texas Crim. App., 530, 13 S. W. Rep., 992; Finney v. State, 29 Texas Crim. App., 184, 15 S. W. Rep., 175; Hammons v. State, 29 Texas Crim. App., 445, 16 S. W. Rep., 99; Taylor v. State, 29 Texas Crim. App., 466, 16 S. W. Rep., 302; Waters v. State, 30 Texas Crim. App., 384, 17 S. W. Rep., 411; McDaniel v. State, 32 Texas Crim. Rep., 16, 21 S. W. Rep., 684, 23 S. W. Rep., 989; Loggins v. State, 32 Texas Crim. Rep., 358, 24 S. W. Rep., 408; Lassiter v. State, 35 Texas Crim. Rep., 540, 34 S. W. Rep., 751; Williams v. State, 35 Texas Crim. Rep., 391, 33 S. W. Rep., 1080; Webb v. State, 36 Texas Crim. Rep., 41, 35 S. W. Rep., 380; Mathis v. State, 39 Texas Crim. Rep., 549, 47 S. W. Rep., 647, 48 S. W. Rep., 189; Jordan v. State, 37 Texas Crim. Rep., 222, 38 S. W. Rep., 780, 39 S. W. Rep., 110.

Mr. Branch, in his Texas Criminal Law, section 905, lays down the same rule in two separate paragraphs, as follows: "If not descriptive of that which is legally essential to the validity of the complaint, information or indictment, unnecessary words or allegations may be rejected as surplusage." And, "If, eliminating the surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him and enable him to plead the judgment in bar of another prosecution, it is good in substance under our

code and therefore sufficiently charges the offense." Citing many of the decisions last above cited and others.

It has been uniformly held in this State that where an indictment charges the theft of several articles, it is unnecessary to prove all, but that proof of any one is sufficient. Robinson v. State, 62 Texas Crim. Rep., 645. Many other cases unnecessary to cite.

An indictment which alleges the theft of two horses is met by proof of the theft of only one of them. It is unnecessary to prove the theft of both. Alderson v. State, 2 Texas Crim. App., 10; Edwards v. People, 26 Colo., 539; Edson v. State, 148 Ind., 283; 1 Whart. Crim. Ev., sec. 129.

Where a party was indicted for pursuing the occupation of selling intoxicating liquors without having obtained a license and paid the occupation tax therefor, it was alleged that the State tax was $300 and the county tax $150. The statute fixed the penalty at a fine of the amount of both the State and county tax. When the case was tried the State proved only the State tax and failed to prove any county tax. It was held that proof of the State tax only sustained the charge. Mansfield v. State, 17 Texas Crim. App., 468; Monford v. State, 35. Texas Crim. Rep., 237. In Terry v. State, 62 Texas Crim. Rep., 73, where Terry was charged by indictment with unlawfully mingling strychnine with coffee with the intent to kill two persons, it was held that proof of intent to kill only one was sufficient; that it was unnecessary to prove the intent to kill the two. This was also held in Scott v. State, 46 Texas Crim. Rep., 305. In Nite v. State, 41 Texas Crim. Rep., 340, it was held that where the indictment charged the murder of two persons, proof of the killing of one was sufficient to sustain the conviction and that it was not necessary to prove the killing of the two persons. It is needless to cite other authorities along this line.

In this case, notwithstanding the allegations of the information were that both Butler and appellant were married to another, it was necessary only to prove that Butler was married to another to sustain the conviction. It was not necessary to prove that both were married to another.

It is clear also from the above that the latter allegation in the information, shown in parenthesis in the quotation above, could, and if necessary, should have been treated as surplusage. The information was complete and amply sufficient without that.

Appellant has a wholly insufficient bill of exception wherein she attempts to complain that the court erred in permitting two witnesses who were members of the grand jury which indicted her and Butler, to testify on this trial what she testified before the grand jury at that time. Even if we could consider this bill, such testimony by them was clearly admissible. Mackey v. State, 151 S. W. Rep., 802, and cases there cited in the rehearing opinion.

By another bill too meager to require the court to consider it (Conger v. State, 63 Texas Crim. Rep., 312, and James v. State, 63 Texas Crim.

Rep., 75), appellant complains of the argument of the county attorney to the jury. No written charge was requested by appellant to the jury to disregard this argument. Even if we could consider appellant's bill, it shows no error. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

We have not taken up separately each of appellant's points, assigning errors, but we have considered them all and they are embraced in what we have said above. There being no error the judgment will be affirmed.

*Affirmed.*