BAXTER EDWARDS v. THE STATE.

No. 2534.   Decided October 15, 1913.

**Vagrancy—Complaint—Pleading.**

Where, upon trial of vagrancy, the complaint failed to allege an offense under article 634, Penal Code, the same should have been quashed.

Appeal from the County Court of Grayson. Tried below before the Hon. J. Q. Adamson.

Appeal from a conviction of vagrancy; penalty, a fine of $200.

The opinion states the case.

*E. W. Neagle,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of vagrancy and fined $200. This prosecution was begun by a complaint only before a justice of the peace of Grayson County. The complaint was evidently drawn,—not by the county attorney or anyone familiar with the sufficiency of a pleading charging this offense. After the formal part the complaint alleges that on February 10, 1913, appellant was "a vagrant person in that on said date he was able to work and did not work and has no property to support him."

In another count that on said date he "was then and there a vagrant in that he habitually loafs and loiters around the streets and alleys and frequents places of ill-fame in the City of Denison, Texas."

Again, in another count, that he "was a vagrant person in that he is a professional thief and is engaged in unlawful pursuits." Then in another entirely separate paragraph, "that he has no property to support him and is able to work and does not work."

Appellant by proper motions in arrest of judgment and for a new trial attacked the sufficiency of each and all of these grounds of the complaint.

Our statute, Penal Code, article 634, defining vagrancy, gives many definitions thereof. It is unnecessary for us to copy this statute as it can readily be referred to and seen.

We have carefully examined this complaint, in connection with the statute, and in our opinion neither count thereof is sufficient under any or all of the definitions of our Code to charge an offense. The County Court, therefore, erred in not sustaining said motions and holding said complaint insufficient. The judgment will, therefore, be reversed with instructions to the County Court to quash the complaint and dismiss the cause.

*Reversed and dismissed.*