. Raymond Lee v. The State.

No. 8247. Decided February 20, 1924.

Rehearing denied April 2, 1924 .

1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence supported the conviction and the indictment being sufficient, there is no reversible error.

2.—Same—Indictment—Descriptive Averments—Proof—No Variance.

Where the manner of committing the offense of manufacturing spirituous, vinous, and malt liquors, and medicated bitters, capable of producing intoxication is alleged, it has been uniformly held that the proof of the commission of the offense by any of the means designated in the indictment is sufficient, Following: Robinson v. State, 62 Texas Crim. Rep., 465, and other cases.

3.—Same—Rehearing—Conjunctive Allegations.

The propriety of alleging conjunctively various means of committing an offense is affirmed by article 473 C. C. P., and the unbroken line of our

decisions. Following: Phillips v. State, 29 Texas, 233, and other cases, and the proof need cover only so much of the allegation as constitutes a complete crime, and the motion is, therefore, overruled.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The evidence is sufficient to show that the appellant was engaged in the unlawful manufacture of whisky. The indictment charged that the appellant "did then and there unlawfully manufacture spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, etc." An indictment couched in this language was held sufficient in Travino's case, 92 Texas Crim. Rep., 140. In the opinion numerous precedents are cited sustaining the conclusion expressed. Appellant insists that in the absence of evidence to the effect that he manufactured vinous and malt liquor and medicated bitters as well as whisky, there is a fatal variance between the averment and the proof, and cities in his brief numerous authorities to the point that averments descriptive of the identity of that which is legally essential to charge the offense cannot be rejected as surplusage but must be proved. The soundness of this proposition is not called in question. It has often been applied. Branch's Ann. Tex. P. C., Secs. 256 and 489.

In the present case, the offense is the unlawful manufacture of intoxicating liquors. The manner of committing the offense is by manufacturing spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication. It has been uniformly held that an indictment may set out in the conjunctive various means of committing the same offense. Todd v. State, 89 Texas Crim. Rep., 104; Goodwin v. State, 70 Texas Crim. Rep., 602, and cases cited. The proof of the commission of the offense by any of the means designated in the indictment is sufficient. For example: Robbery may be committed by violence or by putting in fear. All of these may be charged conjunctively as a means descriptive of the manner in which the offense was committed, but it has never been held that it was necessary to prove that the offense of robbery was committed by vio-

97 T. C.—16.

lence or by putting in fear. It is sufficient to prove either method. So, with burglary; the entry may be made by force, threats or fraud, and the indictment may aver that it was by force, threats and fraud. Proof of either is all that the law demands. So, in charging the furnishing of intoxicating liquor to a minor. The indictment may charge that the accused ''did sell and give and cause to be sold and given.'' Proof of either method is enough. Hogan v. State, 66 Texas Crim. Rep., 514, 147 S. W. Rep., 601. So, where the averment in the indictment is that several distinct articles were stolen. In Robinson's case, 62 Texas Crim. Rep., 645, Presiding Judge Davidson said: ''The indictment alleged that it was something over eleven dollars taken, whereas Denke testified it was ten dollars and some cents taken. That is not a variance. Under the allegation there was eleven dollars and some cents; it will be sufficient to show that any amount of money was taken. It was not necessary to show that the exact amount stated in the indictment was taken. It is sufficient if any amount was taken.''

So, where one was charged in the indictment with the theft of two geldings. The court said: ''The prosecution was not required to prove that the defendant stole both of the geldings named in the indictment. If the jury were satisfied from the evidence, beyond a reasonable doubt, that he fraudulently took and appropriated to his own use one of them, as charged in the indictment, it would be sufficient to warrant a conviction.'' (Anderson v. State, 2 Texas Crim. App., 11.)

The citation of authorities might be extended. It is believed that the analogy of the present case is with the illustrations just made and not with those in which the unnecessary averments are held descriptive.

The judgment is affirmed.

*Affirmed.*

ON REHEARING

April 2, 1924.

LATTIMORE, Judge.—In a forcible motion and argument appellant insists that we erred in the affirmance of this case, basing his contention on the proposition that the indictment charged conjunctively manufacturing spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, and that the proof showed the manufacture of spirituous liquors, and that the court in his charge to the jury told them that if they believed beyond a reasonable doubt that he made spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, they should convict; in other words, he urges that the testimony supported only one of the means of committing the offense alleged in the indict-

ment and that it was reversible error to submit all of them to the jury.

The propriety of alleging conjunctively various means of committing an offense is affirmed by Article 473 of our C. C. P. and the unbroken line of our decisions beginning with Phillips v. State, 29 Texas, 233. See Hart v. State, 2 Texas Crim. App. 41; Copping v. State, 7 Texas Crim. App., 61; Day v. State, 14 Texas Crim. App., 30. Applicable to the particular point here stressed by appellant we observe in the opinion of Hart v. State, supra, that Mr. Bishop is quoted approvingly as holding that when there be such conjunctive allegations *the proof need cover only so much of the allegation as constitutes a complete crime.* So in Copping v. State, supra, it is said:

"But, though the conviction may be for the whole, it is all when proceeded against in this way, regarded as only one offense, subjecting the offender to no more than one penalty. In like manner, the conviction may be for no more than what barely constitutes a crime."

Again in Nicholas v. State, 23 Texas Crim. App., 317, we quote with approval Mr. Bishop as follows: "Discussing the subject, Mr. Bishop says: It is common for a statute to declare that if a person does this, or this, or this, he shall be punished in a way pointed out. Now, if in a single transaction he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing only one of the things. Therefore an indictment upon a statute of this kind may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double; and it will be established at the trial by proof of any one of them. (Bish. Crim. Proc., sec. 436; State v. Smith, 24 Texas, 285; People v. Book, 16 N. Y. Weekly Dig., March 9, 1883.)" See also Goodwin v. State, 70 Texas Crim. Rep., 602.

We do not discuss the many authorities cited by appellant which have been examined by us but are not deemed to support the proposition advanced by him. The authorities we have above referred to and those cited in our original opinion make plain the fact that the indictment herein correctly averred conjunctively the sale of spirituous, vinous, etc., liquors, and from them also we derive support of the further proposition that proof of any one of the means alleged would satisfy the law. We cannot escape the soundness of the corollary that if such be the form of the indictment (as it is in this case) and the proof support any one of the allegations as to the means by which the law has been violated, no injury could follow from an instruction whose terms are in exact accord with those of the indictment in submitting the law to the jury. As said in the above authorities, the allegations of the indictment but allege one

offense and the charge in effect submitted but one, and that one appears amply supported by the proof.

Being unable to agree with the contentions advanced by appellant, the motion for rehearing will be overruled.

*Overruled.*