## A. J. Titus v. The State.

### No. 8129.   Decided May 14, 1924.

**1.—Vagrancy—Affidavit—Pleading—Rule Stated.**

It is not sufficient to allege that one is a vagrant, omitting the particular facts upon which reliance is had to so characterize accused, because to so charge states merely a legal conclusion. Following: Walton v. State, 12 Texas Crim. App., 117, and other cases. Yet, in the instant case such facts are alleged, which bring the accused under one of the definitions of a vagrant, and there is no reversible error.

**2.—Same—Vagrant—Definition—Present Status.**

Where the affidavit alleged that defendant continued to be a vagrant, as alleged, up to the filing of said affidavit, but there was no evidence on the part of the State showing or tending to show that this status continued to the time of the filing of the affidavit, but that it actually ceased, the conviction cannot be sustained. Following: Cox v. State, 84 Texas Crim. Rep., 49, and other cases.

Appeal from the County Court of Hopkins. Tried below before the Honorable R. E. Bertram.

Appeal from a conviction of vagrancy; penalty, a fine of $200.00.

The opinion states the case.

The affidavit alleged: In the name and by authority of the State of Texas:

Personally appeared before me, the undersigned authority, S. C. Smith, who, after being by me duly sworn, on oath said: That H. A. Titus in the County of Hopkins, and State of Texas, heretofore, to-wit: On or about the first day of June, 1922, in the County and State aforesaid and continuously up to the filing of this affidavit was then and there a male person, who then and there habitually associated with a prostitute, to-wit: Neely Moore, against the peace and dignity of the State.

Signed, S. C. Smith.

Sworn and subscribed by S. C. Smith, a credible person, before me, this 16th day of July, 1923.

-Emmet Thornton, County Attorney, Hopkins County, Texas.

*Dial, Melson, Davidson & Brim,* for appellant.—Cited cases in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Upon conviction for vagrancy appellant's punishment was assessed at a fine of $200.

The affidavit charges that appellant, "On or about the 1st day of June, 1922, . . . and continuously up to the filing of this affidavit was . . . a male person, who then and there habitually associated with a prostitute," naming her.

It is not averred that appellant was a "vagrant." It has been held by our court that it is not sufficient to allege that one is a vagrant, omitting the particular facts upon which reliance is had to so characterize accused, because to so charge states merely a legal conclusion. Walton v. State, 12 Texas Crim. App., 117; Edwards v. State, 71 Texas Crim. Rep., 405, 160 S. W. Rep., 80. Motion was filed to quash the complaint, it being contended in the court below and now urged here that notwithstanding facts are alleged which bring accused under one of the definitions of a "vagrant" that an affidavit which omits to specifically so charge is fatally defective.

Mr. Bishop in his New Criminal Procedure, Vol. 1, Sec. 329 says: "The rule is universal that a pleading need only state facts, not law; it being the duty of the court to declare the law arising upon those facts, and to apprise the opposite party of what is meant to be proved."

The same rule of pleading applies to vagrancy charges as in other offenses. Ruling Case Law, Vol. 8, Sec. 371. Why allege that accused was a "vagrant?" No witness would be permitted to so state because such statement would be a legal conclusion, the very thing the court must determine from the proven facts. Indictments similar in form to the one here assailed have been sustained in State v. Cummins, 78 Ind., 251; State v. Preston, 4 Idaho, 215, 38 Pac. Rep., 694; Commonwealth v. Brown, 141 Mass., 78.

The affidavit upon which the present prosecution is based was filed on the 16th day of July, 1923. It is alleged that the acts of appellant which condemned him as a vagrant continued from about June 1st, 1922, up to the time of the filing of the affidavit. The State's evidence shows that the relation between appellant and the woman alleged to be a prostitute commenced some time in the month of June, 1922 and continued with more or less frequency until some time in April, 1923, at which time they ceased entirely. The woman herself testified that after April, 1923, she had no further relations

with appellant, and that he made no effort thereafter to see or associate with her.    Appellant testified to practically the same effect, although he claims to have had no improper relations with the woman later than in the fall of 1922; that some time in the spring of 1923 he saw her in company with another woman and had a conversation with them at that time, but that after the latter time he never saw or attempted to see the woman in question or to have any further relation with her of any character.    There is no evidence on the part of the State showing or tending to show that the association with the woman continued later than the date testified to by her; to-wit, some time in April, 1923.    Under this state of the record the contention is made that under authority of City of San Antonio v. Salvation Army, 127 S. W., 860; Cox v. State, 84 Texas Crim. Rep., 49, 205 S. W., 131; Levy v. State, 84 Texas Crim. Rep., 493, 208 S. W., 667, this conviction can not stand.    In the Levy case complaint was filed on the 31st of July, in which defendant was charged with being a vagrant in that she was operating a disorderly house.    We quote from that case as follows: "If she ceased this immoral life of operating a house of prostitution, as she stated, on the 20th of May, then she was not guilty as a vagrant and could not be punished for the past acts.    Vagrancy is a present condition or status, and the imposition upon society consists of the fact that she is now a vagrant and not that she was heretofore a vagrant."

The language quoted as well as that found in the Cox case relative to vagrancy being a "present status" must be construed to mean, not the status at the time of the trial, but the status existing at the time of lodging the complaint upon which the prosecution is based. In the present instance the evidence seems to settle conclusively the fact that the status from which the condition of vagrancy would arise had ceased some three months prior to the beginning of the prosecution.    We are unable to draw a distinction between the principle here involved and that discussed in the cases cited.    If the law there announced is to stand this conviction must fall.    We feel compelled to hold that appellant's contention is sound; that whatever conduct he may have been guilty of which would have fixed upon him the condemnation of a vagrant had been abandoned long prior to the institution of this prosecution, and that under such state of the record it becomes our duty to reverse the judgment and remand the cause.

*Reversed and remanded.*