Sanger Bros. et al. v. H. M. Henderson, Trustee.

No. 11.

**Insufficient Grounds for Writ of Error.**— Where the Court of Civil Appeals reverses and remands a judgment of the District Court on ground of an improper charge by the trial judge, the propriety of such charge depending on the state of the evidence, this court, on application for writ of error, can not assume that there will or will not be evidence on another trial to make such charge improper. Such action by the Court of Civil Appeals can not be said to practically settle the case.

Application for Writ of Error to Court of Civil Appeals, Third District, in a case on appeal from the District Court of Tarrant County.

Appeal was prosecuted from a judgment rendered on a verdict against Sanger Bros. and Martin Brown Company, and Northington, sheriff of Taylor County, in favor of H. M. Henderson, trustee, etc., in amount of $15,146.22, for alleged conversion by them of a stock of merchandise conveyed to said trustee by Donovan & Wylie, to secure certain creditors. The judgment below was reversed and cause remanded by the Court of Civil Appeals.

Application was made for writ of error. The detailed history of the litigation was given, and it was stated that the reason given in the opinion of said Court of Civil Appeals for reversing said judgment is the following paragraph of the general charge of the trial court to the jury, viz.:

"If you find that Sanger Bros. and the Martin Brown Company acted together, and so acting, the Martin Brown Company sued out or caused to be sued out the order of sale under which the goods were sold, it being understood and agreed between them at the time that they would participate in and together share the benefit of such sale, and after the sale did in fact share the benefits thereof, and that thereby the value of said goods was wholly lost to said trustee and accepting beneficiaries, they would be liable."

"Said Court of Appeals held said charge to be error, because there was no evidence in the record that said parties had acted together in suing out said order of sale and in having the goods sold thereunder. In its opinion respecting third charge the Court of Civil Appeals say: 'We are of opinion that the court below erred in giving the charge above quoted, because we find no evidence in the record that appellants sued out or caused to be sued out the order of sale under which the goods were sold in pursuance of an understanding and agreement between them at the time that they would participate in and together share the benefits of such sale; and for this reason we feel constrained to reverse the judgment appealed from.'" Sanger Bros. and Martin Brown Company were attaching creditors, and each had sued out and had caused an attachment

to be levied upon the goods assigned to the trustee. The goods were sold under the attachment proceedings instituted by Martin Brown Company, the junior levy, and out of the proceeds Sanger Bros. had been paid.

*Chas. I. Evans*, for the application.

STAYTON, Chief Justice.—In this case the judgment of the District Court was reversed and the cause remanded on account of a charge given.

The propriety of giving the charge is shown to have depended upon state of the evidence, and we can not assume that there will or will not be, on another trial, evidence to make such a charge improper.

Neither the questions litigated nor the parties authorize the granting of a writ of error on a judgment of a Court of Civil Appeals reversing and remanding a cause for another trial; nor does it appear that the judgment of reversal " practically settles the case."

Under these circumstances the application for writ of error will be dismissed.

It is so ordered.

*Application dismissed.*

Delivered January 12, 1893.