L. L. LOGGINS v. THE STATE.

*No. 714.  Decided October 21.*

1. **Indictment of Two or More Parties Jointly — "Acting Together"—Surplusage.**—Indictments charging two or more persons with the same offense are not required to allege that the parties " acted together," and such allegation when made is surplusage.

2. **Same — Breaking Jail to Rescue Prisoners —" Willfully" and "Force."**—The crime of breaking into jail to rescue prisoners, as denounced by article 212, Penal Code, does not use the terms " willfully" and "force" in defining said offense, and an indictment for said offense is good and sufficient without the use of said terms.

3. **Special Judge — Plea as to Disqualification of.** — A plea setting up the disqualification of a special judge, which is not supported by evidence, should be overruled.

APPEAL from the District Court of Sabine.   Tried below before Hon. S. W. BLOUNT, Special Judge.

The indictment in this case charged appellant and one Sam Swan and one W. E. T. Ogletree jointly with breaking into the county jail of Sabine County, on the 25th of March, 1885, with intent and for the purpose of effecting the rescue and escape of Fred Connor, William Connor, Willis Connor, and John Connor, who were confined therein on a charge of murder, and of which the said Fred Connor had already been tried and convicted.

Appellant was alone placed upon trial, and the trial resulted in his conviction, the punishment being assessed at confinement in the penitentiary for two years.

A motion was made to quash the indictment for insufficiency of allegation (amongst other things), in that it failed to aver that the parties " acted together," and failed to allege that they did by " force " break into said jail.   This motion was overruled.

There is no statement of facts nor bill of exceptions in the record.

No brief for appellant has come to the hands of the Reporter.

*R. L. Henry*, Assistant Attorney-General, for the State. — 1.  The indictment is sufficient.   Penal Code, art. 212; Willson's Forms, No. 138.

2. · There are no facts in the record showing the judge to be disqualified, and no bill of exceptions to his presiding.

The presumption ought to be, that there was no truth in the plea, and that it was abandoned.   Abrams v. The State, 31 Texas Cr. Rep., 449.

DAVIDSON, JUDGE.—Appellant, Sam Swan, and W. E. T. Ogletree were jointly indicted for breaking into the county jail of Sabine County, for the purpose of liberating several prisoners therein confined.

Appellant was tried and convicted; hence this appeal. Motion to quash the indictment was made, because it did not allege that appellant and his codefendants "acted together" in the commission of the said offense; and further, that it omitted to charge the breaking to have been done "willfully" and by "force."

The terms "willfully" and "force" do not occur in the statute defining this offense. Penal Code, art. 212. It was not necessary to insert either term in the indictment.

Indictments charging two or more persons with the same offense are sufficient, in that respect, without averring they "acted together." Such allegation, when made, is surplusage. Watson v. The State, 28 Texas Cr. App., 34; Finney v. The State, 29 Texas Cr. App., 184.

The plea of defendant setting up the disqualification of the special judge is not supported by testimony nor shown to be true, wherefore the court did not err in overruling it. The record contains neither a statement of facts nor a bill of exceptions. We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.