### WILLIAM LASSITER v. THE STATE.

#### No. 1014. Decided March 11th, 1896.

**1. Forgery—Deed not Acknowledged.**

An instrument in writing purporting to be a deed, but which is not witnessed nor acknowledged, is the basis of a valid contract upon which a conveyance could be enforced; and is the subject of forgery if made falsely and with intent to defraud although, if genuine, other steps must have been taken before the instrument would have been perfected.

**2. Same—Allegations and Proof—Variance.**

Criminal statutes treat a deed, and the acknowledgment thereto, as separate and distinct subjects of forgery; and, where an indictment sets out a deed as the subject of the forgery, without a certificate of acknowledgment; and the instrument offered in evidence, has a certificate of acknowledgment attached to it, this constitutes no variance. Because an alleged forged instrument has attached to it another forged instrument affords no reason why the former should be excluded as evidence.

**3. Same—Variance as to Names—Abbreviations—Surplusage.**

Where an indictment for forgery of a deed sets out an instrument purporting to be executed by "John Cotton, Jr.," the introduction in evidence of a patent purporting to grant the land to "John Cotton, Assignee," etc., is not a variance between the indictment and patent. The abbreviation "Jr.", to the name of John Cotton, in the indictment, may be rejected as surplusage.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHAS. F. CLINT.

This appeal is from a conviction for forgery of a deed, the punishment being assessed at five years in the penitentiary.

There is no statement of facts in the record.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at five years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. There is no statement of facts in the record. Appellant excepted to the introduction of a patent issued by the State of Texas, purporting to grant the land described therein to John Cotton, assignee of Green B. Watkins, and situated in Wood County. Appellant, as grounds of exceptions, says: (1) That the patent shows upon its face to be a grant of land to John Cotton, as assignee of Green B. Watkins, thus showing the title in John Cotton; and there is no allegation showing the land or title to be in John Cotton; or in John Cotton, Jr., the person purporting to be

the grantor in the deed in question. (2) The proof intended by the introduction of the patent is at variance with the allegations in the indictment, and, besides, it is sought by the patent to prove a case and state of facts not alleged in the indictment. (3) There is a variance in the identity of the land set forth in the patent and that described in the indictment, and there is an absence of allegation to show that it is the same land. The patent in this case is not before us, so that we are unable to tell what it does show; nor does the bill of exceptions show the portion of the patent in this regard. Concede, however, that the patent purported to grant the land described therein to John Cotton, assignee of Green B. Watkins, it could not constitute a variance between the indictment and said patent. The allegation of the indictment was "that the defendant forged a certain false instrument in writing, purporting to be the act of another, to-wit: the act of John Cotton, Jr." The abbreviation "Jr." may be rejected as surplusage; or, if we had the testimony in the case before us, it might show that John Cotton, Jr., was not the John Cotton to whom the patent itself issued; or it might show from the proof that, although the land was granted to John Cotton, the land in fact descended from him to his son, who was John Cotton, Jr.; and the act might have purported to be the act of such John Cotton, Jr. What we say in this regard is that, not having the testimony before us, we are unable to say that such patent was improperly introduced in evidence. We cannot say there is any variance in the identity of the land set forth in the patent and that described in the indictment, inasmuch as the patent is not before us. The indictment in this case sets out a deed perfect in all its parts, after the ordinary form of a deed, but same has no certificate of acknowledgment thereon, and is not signed by two witnesses. The State, as appears from bill of exceptions, offered in evidence the deed (a copy of which is set out in the indictment), but said deed had appended thereto an acknowledgment, purporting to have been made and executed by the grantor before one T. J. A. Brown, a notary public of Dallas County, Texas. Appellant objected to the introduction of said deed, because the deed offered shows as a part thereof a certain acknowledgment made by T. J. A. Brown, a notary public of Dallas County, Texas, who certified that John Cotton personally appeared before him and acknowledged that he had executed the same, etc., because, he says, that in the deed set forth in the indictment there is no such certificate of said officer; because there is a variance in this respect between the deed set out in the indictment and the deed offered in evidence. He also insists that said deed as set out in the indictment is not a perfect deed, and so not the subject of forgery. We will treat both these propositions together.

The indictment in this case was brought under Art. 550, Rev. Penal Code, which provides as follows: "Every person who falsely makes, alters, forges, or counterfeits, * * * any certificate, field notes, return, map, plat, report, order, decree, record, patent, deed, power of attorney, transfer, assignment, release, conveyance or title paper, or ac-

knowledgment or proof of acknowledgment, or certificate of record, belonging  *  *  *  or any evidence of any right, title, or claim of any character, or any instrument in writing, document, paper or memorandum, or file of any character whatsoever, in relation to or affecting lands, or in relation to lands in this State, with the intent to make money, or other valuable thing thereby, or with the intent to set up a claim or title, or aid or assist any one else in setting up a claim or title to lands, or any interest in lands, or to prosecute or defend a suit, or aid or assist any one else in prosecuting or defending a suit with respect to lands, or to cast a cloud upon the title, or in any way injure, obtain the advantage of or prejudice the rights or interests of the true owners of the land, or with any fraudulent intent whatever, shall be deemed guilty of forgery," etc.     It will be noticed that this article is comprehensive, and is intended to cover the forgery of any paper or conveyance of title to any lands whatsoever.    A deed is used distinct and separate from an acknowledgment.    And in addition to this article, it will be observed, in referring back to Article 549, it is made a distinct offense to personate another in making an acknowledgment; and also Article 551 makes it an offense for an officer to wilfully and falsely certify to an acknowledgment.    So the criminal statutes on the subject seem to treat the deed and acknowledgment as separate and distinct subjects of forgery.    We quote the following articles from our Revised Civil Statutes, bearing on this subject:

"Art. 624.    No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing.

"Art. 625.    A conveyance, such as is described in the preceding article, shall not be good and effectual against a purchaser in good faith, without notice thereof, and for a valuable consideration, nor against any creditor, unless such conveyance be acknowledged by the party who shall have signed or delivered it, or proved, in the manner required by law, and before some officer authorized by law to take such acknowledgment or proof, and be filed for record with the clerk of the county in which the land, or a part thereof, is situated."

"Art. 630.    Every deed or conveyance of real estate must be signed or acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration."

"Art. 637.    When an instrument in writing, which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this chapter, the same shall nevertheless be valid and effectual as a contract upon which a conveyance may be enforced as far as the rules of law will permit."

From these civil statutes it will be noticed that a deed is treated as distinct from an acknowledgment. It is not pretended in this case that the deed or instrument in writing could have been registered. The indictment, as stated, does not purport to set out an acknowledgment. The allegation is that appellant "made a certain false instrument in writing, which false and forged instrument did then and there relate to and affect an interest in lands," etc. It is not even called a deed, yet in form it was a deed, and on delivery it was competent to convey thereby the land described therein, in the absence of two subscribing witnesses, and in the absence of a certificate of acknowledgment. In our opinion, in such condition, it would afford the basis of suit for specific performance. It was such an instrument in writing as would afford the basis of a valid contract upon which a conveyance could be enforced. Under the language of the Act under which the indictment was drawn (although not entitled to go to record) it was such a conveyance or title paper as constituted it the subject of forgery. As between the parties, it conveyed the title; and although it was in an inchoate state as to registration, this would make no difference. It was as much the subject of forgery as a bail bond, which has been forged as to the sureties, for the appearance of a party to answer a criminal charge, before its approval by the sheriff, or before its forfeiture in court; the rule being that the instrument falsely made with intent to defraud is a forgery, although, if it had been genuine, other steps must have been taken before the instrument would be perfected. These steps are not taken. See Com. v. Costello, 120 Mass, 358, approved in Costley v. State, 14 Tex. Crim. App., 156. And it was as much the subject of forgery as a deed prepared for the transfer of land, which left the name of the transferee in blank, to be afterwards filled out. See Phillips v. State, 6 Tex. Crim. App., 364. From what we have said it follows that the instrument set out in the indictment was such a deed or instrument in writing as was the subject of forgery, and its admission in evidence was not error; and there was no variance between the deed as set out and that offered in evidence, because the one offered in evidence had appended to it a certificate of acknowledgment. We do not understand that such certificate of acknowledgment was offered in evidence, but the written instrument without it. Because, in addition to the alleged forged instrument, another forged instrument was attached thereto, afforded no reason why the instrument on which the forgery in this case was predicated should have been excluded. The judgment is affirmed.

*Affirmed.*