HENRY JORDAN v. THE STATE.

No. 1124.   Decided January 27th, 1897.

Motion for Rehearing Decided February 24th, 1897.

1. Local Option—Order for Election—Description of Territory.

Where the petition, order of the court for the election and the order of court declaring the result and putting local option into effect within the bounds set out in the petition, and the same are certain and definite as to the territory embraced within the local option election, it is immaterial that the territory is also described as "School District No. 7," and whether there was or was not an order on the minutes of the court creating "School District No. 7."

ON MOTION FOR REHEARING.

2. Same—Penalty in Subdivisions.

Article 378, Penal Code, does provide the penalty for a violation of local option in "Subdivisions," though "Subdivisions" are not mentioned in said article, because Revised Statutes, Article 3239, expressly makes a violation of any of the provisions of the local option law punishable as is prescribed in the Penal Code. Following, Ex parte Segars, 32 Tex. Crim. Rep., 553.

3. Same—Indictment—Surplusage.

An indictment for violation of local option is not fatally defective where it alleges, that defendant both sold and gave away intoxicating liquor. Where the statutory words, "exchange or gift" are used in an indictment charging a sale, they may be treated as surplusage and leave a good indictment for the sale. Disapproving, Ferguson v. State, 25 Tex. Crim. App., 451.

4. Same—Charge—Harmless Error.

On a trial for the sale of intoxicating liquor in violation of local option, where the court charged the jury to convict, if they believed that defendant sold, "or gave away" whiskey. Held: Erroneous; but, the case being a misdemeanor, and the charge not being excepted to it did not constitute reversible error, and especially so where there was no evidence tending even remotely to prove a gift.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

No statement necessary.

John D. McRae, for appellant.

Mann Trice, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, and prosecutes this appeal. This is a companion case to Kelley v. State, ante p. 220. The questions are the same. Appellant, in addition to the evidence introduced in the Kelley case, introduces the order of the Commissioners' Court creating School District No. 7. That order did not mention the surveys included within the metes and bounds of said school district. It is urged on account of this omission that said order creating said school district is wholly insufficient for the

intended purpose.   So far as this case is concerned, it is wholly imma-
terial whether it was or was not.   The petition, order of the court or-
dering the election, and the order of the court putting local option into
effect within the bounds set out in said petition for local option elec-
tion are certain and definite, and do not depend upon the order of
the Commissioners' Court creating School District No. 7.   There is no
uncertainty in the orders of the court with reference to the territory em-
braced within the local option election; and whether there was an order
or not on the minutes of the court creating School District No. 7, so far
as this case is concerned, is immaterial.   The evidence is sufficient to
support the conviction, and the judgment is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—Conviction for violating local option law.
This case was affirmed at a former day of this term, and now comes be-
fore us on motion for rehearing.   It is contended in the motion for
rehearing that Art. 378 of the Penal Code does not provide a penalty
for the sale of intoxicating liquors in a subdivision of a county other
than justices' precincts, cities or towns.   We have held, and still hold,
that it does.   See, Ex parte Segars, 32 Tex. Crim. Rep., 553.   It is in-
sisted that a portion of Article 3239 of the local option statute of 1893
is unconstitutional, because it attempts to punish bartering or giving
away intoxicating liquors in a local option county, district, etc.   The
election in this case was upon the proposition as to whether the sale of
intoxicating liquors should be prohibited.   Concede, for the argument,
that the legislature has no right to punish a person for bartering or giv-
ing away intoxicating liquors in a prohibited district; still it had the
right to punish the sale thereof.   It is contended that the indictment is
defective because it charges that appellant sold and gave away whiskey.
This contention of appellant is supported by the opinion of Judge Will-
son in the case of Ferguson v. State, 25 Tex. Crim. App., 451.   We do
not agree to that part of the opinion which holds the indictment to be
defective because it alleges a sale and exchange.   We can treat the words
"exchange or gift" as surplusage, and leave a perfectly good indictment.
This is not a case in which the proposition was submitted to the voters
to determine whether the sale and the gift of whiskey should be pro-
hibited.   The correct proposition was submitted to the voters, to-wit:
whether the sale of intoxicating liquors should be prohibited.   We can-
not agree to the proposition that where an indictment alleges all that is
sufficient to constitute a crime, and then proceeds to set forth an act
as a crime which is not a crime, therefore the indictment is defective
in regard to that part which is properly pleaded.   It is not a description
of the sale to allege that defendant gave away whiskey.   In this case
the court charged the jury to convict if they believed defendant sold or

gave away the whiskey. This was wrong, but we fail to see how it prejudiced appellant, and there was no exception reserved to the charge. This is a misdemeanor case, and, in order for such objections to avail defendant, exceptions must be reserved at the time. An inspection of the record shows that there was no evidence tending remotely to prove a gift. The testimony is unequivocal that the prosecuting witness bought a pint of whiskey from appellant, and in a few days thereafter paid him fifty cents for the same. Motion for rehearing overruled.

*Motion Overruled.*