### BILLIE LOMAX v. STATE.

#### No. 1679. Decided November 10, 1897.

**1.  Unlawfully Carrying a Pistol—Information—Surplusage.**

If an information, for unlawfully carrying a pistol into a ballroom, be defective for want of an allegation, "that people were then and there assembled," etc., the allegation that it was carried into a ballroom may be rejected as surplusage, and the information be still good for unlawfully carrying the pistol.

**2.  Same—Charge of Court—Uncertain Verdict.**

Where an information in one single count charges defectively a higher offense, which includes a lower offense which is sufficiently charged, the court, in its charge to the jury, should limit them to the consideration of the lesser offense only, and it is error to charge as to the greater which is defectively alleged, and such error is especially reversible where the verdict of the jury leaves it uncertain as to which of the offenses defendant was found guilty.

APPEAL from the County Court of Houston. Tried below before Hon. E. WINFREE, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $50.

No statement necessary.

*H. W. Moore*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The information in this case charged that defendant "did then and there go into a ballroom and social party, and did then and there, unlawfully, have and carry about his person a pistol, against the peace and dignity of the State."

Motion was made to quash this information because it failed to allege that people were assembled in said ballroom, and at said social party. Motion in arrest of judgment was also filed upon the same ground. These seem to have been overruled, and the court, in its charge, instructed the jury: First, if they believed beyond a reasonable doubt that the defendant carried the pistol on and about his person, they would convict him, and assess the punishment prescribed under the article denouncing that offense; and, second, if they believed that he carried it under the article prohibiting persons from going into ballrooms and social gatherings,

with pistols, where people are gathered, for the purposes enumerated in that statute, then they would assess the punishment denounced against that offense. Under the first statute, the punishment would be not less than $25 nor more than $200, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment. Under the other article, the punishment is by fine not less than $50 nor more than $500. The punishment assessed was a fine of $50.

The information did not sufficiently allege the offense of carrying a pistol into a social gathering, but was sufficient to charge the offense of carrying about the person such pistol. See Rainey v. State, 8 Texas Crim. App., 62; Pickett v. State, 10 Texas Crim. App., 290. This is not a case wherein the information charges the different offenses in different counts, but it is a case where the information seeks to charge the more aggravated offense, but does it defectively; and under the Pickett Case, supra, these matters, by which the higher offense is sought to be charged, being defective, could be treated as surplusage, and there would still remain a good indictment for carrying the pistol on and about the person. That being true, the court should not have charged the jury with reference to the greater offense, because the information did not charge that offense; and both being submitted, and the lighter punishment for the higher offense being assessed by the jury, they may have convicted him of said offense, when they were not authorized to do so, and thereby convicted him of an offense of which he was not charged. The court should have limited the jury to the consideration of that offense which was charged by the information, to wit, carrying on and about the person a pistol.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.