ROYAL CLARK v. THE STATE.

No. 1916. Decided April 18, 1900.

1. Indictment—When Sufficient—Surplusage.

If after eliminating surplusage, an indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him and enable him to plead the judgment in bar of another prosecution, it is good under our code and sufficiently charges the offense.

2. Same—Assault with Intent to Commit Robbery.

In an indictment for assault with intent to rob one C., the indictment alleged that on the date and at the place mentioned defendant "did in and up," instead of "upon" C., make an assault; Held, it being further alleged that defendant "did make an assault and did then and there by said assault and violence upon the said C. and by putting said C. in fear of his life and bodily injury, attempt fraudulently to take from the person," etc., and by eliminating the words "in and up" (which were surplusage) the assault was sufficiently charged.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction of assault with intent to commit robbery; penalty, two years imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion.

No statement required.

*Walter S. Lemmon,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to commit robbery, and his punishment assessed at two years confinement in the penitentiary.

Omitting formal parts, the indictment reads as follows: "Royal Clark on the 5th day of August, 1899, in the county and State aforesaid, in and up K. H. Creesey did make an assault, and did then and there, by said assault and by violence upon the said K. H. Creesey, and by putting the said K. H. Creesey in fear of life and bodily injury, attempt to fraudulently take from the person and possession of the said K. H. Creesey the personal property of the said K. H. Creesey, with the intent then and there to appropriate said property," etc. Motion in arrest of judgment was made on the ground there was no charge of assault or violence, or putting in fear of life or bodily injury, in said indictment. The particular phase of the indictment criticised is found in that portion which uses the language "in and up K. H. Creesey." It is contended that the failure to charge that this assault was made "in and upon K. H. Creesey" renders the indictment insufficient. We do not think so. The expression "in and up K. H. Creesey" can be omitted from the indictment without rendering it invalid. This is a well settled principle of criminal pleading: If, eliminating surplusage, the indictment so avers the constituent ele-

ments of the offense as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance, under our Code, and therefore sufficiently charges the offense. McConnell v. State, 22 Texas Crim. App., 354; Coleman v. State, 2 Texas Crim. App., 512; Burke v. State, 5 Texas Crim. App., 74; Mayo v. State, 7 Texas Crim. App., 342; Holden v. State, 18 Texas Crim. App., 91; Cudd v. State, 28 Texas Crim. App., 124; Hammons v. State, 29 Texas Crim. App., 445; Taylor v. State, 29 Texas Crim. App., 466; Lomax v. State, 38 Texas Crim. Rep., 318. Omitting the expression "in and up K. H. Creesey," the indictment would charge that appellant "did make an assault, and did then and there, by said assault, and by violence upon said K. H. Creesey, and by putting the said Creesey in fear of life and bodily injury, attempt to fraudulently take from the person," etc. The expression "in and up" refers to the assault, and we are of opinion that the assault is sufficiently charged if this expression is omitted, under the authorities cited. This is the only question presented for revision. The indictment is sufficient, and the judgment is affirmed.

*Affirmed.*