S. E. PHILLIPS v. THE STATE.

No. 3651. Decided May 13, 1908.

**Local Option—Sufficiency of Evidence—Date of Offense.**

Where upon trial of a violation of the local option law the witness for the State manifested some equivocation, but admitted that the date he swore to before the grand jury was probably correct, and the same was subsequent to the time local option went into effect, the conviction was sustained.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, $50 and thirty days confinement in the county jail.

The opinion state the case.

*S. C. Coffee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction was for violating the local option law, the punishment assessed being a fine of $50 and thirty days imprisonment in the county jail.

The State's witness, in the first instance, swore that he could not say what month in the fall the sale was made, but when shown his grand jury testimony wherein he swore it was on or about the first of December, 1906, he admitted that it was probably correct. Subsequently there was some equivocation manifested in the testimony of the witness on the matter, but the jury have passed upon it and found that the sale was subsequent to the date the law went into effect, and we hold that the evidence is sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*