CORBETT ALSBROOK v. THE STATE.

No. 2357.     Decided April 30, 1913.

**Disorderly House—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of keeping a disorderly house, the evidence sustained the conviction under a proper charge of the court upon a proper information charging the offense, there was no reversible error.

Appeal from the County Court of Dallas County at Law.     Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Walker & Williams,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted under articles 496 and 500, Penal Code, for keeping a disorderly house, and his punishment assessed at a fine of $200 and twenty days in jail.

Article 496 on this subject is: A disorderly house is any house in which spirituous, vinous or malt liquors are sold or kept for sale without first having obtained a license under the laws of this State to retail such liquors. Article 500 on this subject is: Any person who shall directly keep or be concerned in keeping, or aid, or assist or abet in keeping a disorderly house in any house, dwelling, edifice or tenement, shall be deemed guilty of keeping a disorderly house and punished by a fine of $200 and by confinement in the county jail for twenty days for each day he shall keep or be concerned in keeping such disorderly house.

The uncontradicted evidence in this case overwhelmingly establishes without doubt that appellant did keep such house in a certain house in

the City of Dallas, Texas, and had no license therefor. It is unnecessary to give the evidence.

The court in an apt, full and fair charge submitted everything that the evidence raised, and the jury could not have done otherwise than convict appellant if they were governed by the law and evidence. None of appellant's special charges, other than the ones the court did give, should have been given and the court properly refused to give them. The count of the complaint and information under which appellant was charged and which the court submitted and under which he was convicted clearly follows the law and the approved forms and is unquestionably sufficient.

There being no other question calling for any discussion, the judgment is affirmed.

*Affirmed.*