## LON H. HERRINGTON v. THE STATE.

### No. 2989. Decided April 15, 1914.

#### Rehearing denied May 13, 1914.

**1.—Illegal Practice of Medicine—Constitutional Law.**

The law prohibiting the unlawful practice of medicine is constitutional. Following Collins v. State, 223 U. S., 288.

**2.—Same—Information—Separate Offense—Conjunctive.**

Where the information, in a prosecution for unlawfully practicing medicine, charged the same offense conjunctively as denounced by article 755, Penal Code, it did not thereby charge two separate and distinct offenses, as claimed by the defendant. Following Phillips v. State, 29 Texas, 226, and other cases.

**3.—Same—Information—Surplusage.**

But even if it could be held that article 755, Penal Code, prescribed two separate and distinct offenses, then, in the complaint and information in the instant case, that part which charges the first alternative of said statute could, and should be, regarded as surplusage; besides, the court only submitted the second clause of said statute. Following Mayo v. State, 7 Texas Crim. App., 342, and other cases.

**4.—Same—Requested Charges.**

Where all the issues properly raised had been properly submitted to the jury, there was no error in refusing requested charges thereon.

**5.—Same—Masseur—Charge of Court.**

Where, upon trial of illegally practicing medicine, the evidence did not raise the issue that the defendant was only a masseur in that sphere of labor who publicly represented himself as such, there was no error in the court's failure to charge thereon; besides, the requested charge did not correctly present the law. Following Mealer v. State, 66 Texas Crim. Rep., 140, and other cases.

**6.—Same—Accomplice—Charge of Court.**

Where, upon trial of illegal practice of medicine, the State's witnesses were not accomplices, there was no error in the court's failure to charge thereon. Following Minter v. State, 70 Texas Crim. Rep., 634, and other cases.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully practicing medicine, the evidence sustained a conviction under proper charge of the court, there was no error.

Appeal from the County Court of Bexar. Tried below before the Hon. J. R. Davis.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $150 and one day confinement in the county jail.

The opinion states the case.

*Morris & Hartwell* and *Swearingen & Ward,* for appellant.—On question of the insufficiency of the information: Boren v. State, 23 Texas Crim. App., 28; Witherspoon v. State, 39 Texas Crim. Rep., 67; Hall v. State, 32 id., 475; Golden v. State, 160 S. W. Rep., 959; Porter v. State, 48 Texas Crim. Rep., 129; Kerry v. State, 17 Texas Crim. App., 184.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully practicing medicine and his punishment assessed at a fine of $150 and one day in jail.

The conviction was had under the Act of 1907, p. 225. The articles of that Act, embraced in our Penal Code, are 750 to 756 inclusive. The other sections of the Act are in our Revised Civil Statutes.

Appellant contests the constitutionality of said Act and the validity of the complaint and information in this case on many grounds,—unnecessary to here state them. The constitutionality of the Act has so many times been sustained by so many decisions of this court and also by the Supreme Court of the United States in Collins v. State, 223 U. S., 288, that we deem it unnecessary to discuss the questions again. Most of these cases by this court are collated by appellant in his brief. The complaint and information are in substantial compliance with the statute and follow the forms that have heretofore, in all the cases where raised, been held sufficient.

The complaint and information do not charge two separate and distinct offenses as claimed by appellant. It charges the same offense conjunctively as denounced by article 755. Judge White, in sec. 405, p. 297, in his Ann. Code Crim. Proc. collates some of the authorities and therein from them states the correct rule as follows: " 'Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses, and they may be charged conjunctively in the same count.' See Phillips v. State, 29 Texas, 226; Lancaster v. State, 43 Texas, 519; Berliner v. State, 6 Texas Crim. App., 181; Copping v. State, 7 Texas Crim. App., 61; Day v. State, 14 Texas Crim. App., 26; Nicholas v. State, 23 Texas Crim. App., 317, 5 S. W. Rep., 239; Davis v. State, 23 Texas Crim. App., 637, 5 S. W. Rep., 149; Comer v. State, 26 Texas Crim. App., 509, 10 S. W. Rep., 106; Howell v. State, 29 Texas Crim. App., 592, 16 S. W. Rep., 533; Laroe v. State, 30 Texas Crim. App., 374, 17 S. W. Rep., 934; Willis v. State, 34 Texas Crim. Rep., 148, 29 S. W. Rep., 787; Brown v. State, 38 Texas Crim. Rep., 597, 44 S. W. Rep., 176; Moore v. State, 37 Texas Crim. Rep., 552, 40 S. W. Rep., 287; State v. Smith, 24 Texas, 285; State v. Edmondson, 43 Texas, 162. See, also, section 383, p. 286, White's C. C. P. Mr. Bishop, in volume 1, sec. 434, of his New Criminal Procedure, says: 'Some single offenses are of a nature to be committed by many means, or in one or another of several varying ways. Thereupon a count is not double which charges as many means as the pleader chooses, if not repugnant; and, at the trial, it will be established by proof of its commission by any one of them.' Again, in section 436, he says: 'A statute often makes punishable the doing of one thing, or another, or another, sometimes thus specifying a considerable number of things. Then by proper and ordinary construction a

person who in one transaction does all violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction "and" where the statute has "or," and it will not be double, and it will be established at the trial by proof of any one of them.' "

But even if it could be held that article 755 prescribed two separate and distinct offenses, then in the complaint and information herein all that part which charges the first alternative of said statute could and should be regarded as surplusage, as the remainder clearly and distinctly charges an offense under the second clause of said article. See Mayo v. State, 7 Texas Crim. App., 342; Gordon v. State, 2 Texas Crim. App., 154; Burke v. State, 5 Texas Crim. App., 74; Hampton v. State, 5 Texas Crim. App., 463; Smith v. State, 7 Texas Crim. App., 382; Rivers v. State, 10 Texas Crim. App., 177; Gibson v. State, 17 Texas Crim. App., 574; Holden v. State, 18 Texas Crim. App., 91; Moore v. State, 20 Texas Crim. App., 275; McConnell v. State, 22 Texas Crim. App., 354, 3 S. W. Rep., 699, 58 Am. Rep., 647; Osborne v. State, 24 Texas Crim. App., 398, 6 S. W. Rep., 536; Cudd v. State, 28 Texas Crim. App., 124, 12 S. W. Rep., 1010; Watson v. State, 28 Texas Crim. App., 34, 12 S. W. Rep., 404; McLaurine v. State, 28 Texas Crim. App., 530, 13 S. W. Rep., 992; Finney v. State, 29 Texas Crim. App., 184, 15 S. W. Rep., 175; Hammons v. State, 29 Texas Crim. App., 445, 16 S. W. Rep., 99; Taylor v. State, 29 Texas Crim. App., 466, 16 S. W. Rep., 302; Waters v. State, 30 Texas Crim. App., 284, 17 S. W. Rep., 411; McDaniel v. State, 32 Texas Crim. Rep., 16, 21 S. W. Rep., 684, 23 S. W. Rep., 989; Loggins v. State, 32 Texas Crim. Rep., 358, 24 S. W. Rep., 408; Lassiter v. State, 35 Texas Crim. Rep., 540, 34 S. W. Rep., 751; Williams v. State, 35 Texas Crim. Rep., 391, 33 S. W. Rep., 1080; Webb v. State, 36 Texas Crim. Rep., 41, 35 S. W. Rep., 380; Mathews v. State, 39 Texas Crim. Rep., 553, 47 S. W. Rep., 647, 48 S. W. Rep., 189; Jordan v. State, 37 Texas Crim. Rep., 222, 38 S. W. Rep., 780, 39 S. W. Rep., 110. And especially should this be done as the court in the charge submitted solely the allegations under the said second clause of said statute. It seems the judge of the court himself prepared no charge as he was authorized not to do under the statute (art. 739, C. C. P.) but the only charges he gave were those asked by the State's attorney and by the appellant.

The court committed no error in refusing to give the special charges requested by appellant which he did refuse. All issues properly raised were correctly submitted by the court in the said special charges given by him.

The evidence did not raise, so as to require a submission, the question that the appellant was only a masseur in that sphere of labor, who publicly represented himself as such. If it could be held that the evidence even suggested that issue the court correctly refused to give appellant's

special charge on that subject, because it did not correctly charge the law. Hobbs v. State, 7 Texas Crim. App., 118; Lawrence v. State, 20 Texas Crim. App., 536; Sparks v. State, 23 Texas Crim. App., 448; Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 353.

The State's witness, Miss Spangler, or Robinson, was not an accomplice and the court did not err in refusing appellant's special charge so telling the jury and requiring her testimony to be corroborated. 1 Whart. Crim. Ev., sec. 440 (10th ed.); 4 Ency. of Ev., p. 630; Underhill's Crim. Ev. (2nd ed.), sec. 69; 12 Cyc., p. 447; Allison v. State, 14 Texas Crim. App., 126; Chitister v. State, 33 Texas Crim. Rep., 638; Holmes v. State, 70 Texas Crim. Rep., 423, 156 S. W. Rep., 1172; Ausbrook v. State, 70 Texas Crim. Rep., 272, 156 S. W. Rep., 1177; Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W. Rep., 554; Minter v. State, 70 Texas Crim. Rep., 634, 159 S. W. Rep., 286.

The evidence was uncontradicted and was clearly sufficient to show appellant's guilt. There is no other question raised necessary to be discussed or decided.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 13, 1914.—Reporter.]