### CLARK CLEVELAND v. THE STATE.

#### No. 4164.   Decided October 11, 1916.

**1.—Local Option—Indictment—Publication of the Result of An Election—
Commissioners Court—County Judge—Surplusage.**

Since the amendment of Article 5728, Revised Civil Statutes, providing for
a contest of election within a certain time, whereafter, it shall be conclusively
presumed that said election as held, and the result thereof declared, are in all
respects valid and binding upon all courts, and it was not necessary to prove
that the publication of the result of said election has been made, but only that
an election for prohibition has been held in the named territory and prohibition
adopted, it is no longer necessary to make such allegation in the indictment, and
when made, must be treated as surplusage, and there was, therefore, no error
in overruling a motion to quash the indictment on the ground that the indict-
ment failed to allege that said order of publication was made by the county
judge, etc.  Distinguishing Carnes v. State, 50 Texas Crim. Rep., 282, and other
cases.  Following Hardy v. State, 52 Texas Crim. Rep., 420, and other cases.
Davidson, Judge, dissenting.

**2.—Same—Argument of Counsel.**

Where, upon trial of a violation of the local option law, the record showed
on appeal that the remarks of the district attorney, to which defendant ob-
jected, were in response to the argument of defendant's counsel, and was not
in itself sufficient to reverse the case, there was no reversible error.

Appeal from the District Court of Bell.  Tried below before the
Hon. F. M. Spann.

Appeal from a conviction of a violation of the local option law; pen-
alty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ward & Evetts,* for appellant.—On question of insufficiency of the
indictment:  Smitham v. State, 53 Texas Crim. Rep. 173, 108 S. W.
Rep., 1183.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating
liquors in prohibition territory and his punishment assessed at one year
confinement in the State penitentiary.

The most serious question in the case is presented in a motion to
quash the indictment, on the ground that the indictment alleged "and
thereupon the Commissioners Court of said Bell County, Texas, did pass
and publish an order declaring the result of said election and pro-
hibiting the sale of intoxicating liquors," the contention being that
the indictment should have alleged that the publication was made by
order of the county judge and not the Commissioners Court did "pass
and publish an order," and that an indictment that fails to allege that
the order was published by order of the county judge or as required
by law is insufficient.  In the Hode Carnes case, 50 Texas Crim. Rep.,
282, the question of whether an indictment must contain the allega-
tion that the order had been published by the order of the county judge,

and that an allegation it had been published by order of the Commissioners Court is discussed at length in the opinion of the court, and in the dissenting opinion of Judge Brooks. Theretofore, as shown in the opinion of Judge Brooks similar forms of indictment had been approved by the court, but the Carnes case has been followed in a number of cases cited in Branch's Ann. Penal Code, page 690, section 598—the last case decided so holding being Smitham v. State, 53 Texas Crim. Rep., 173. No case has been before this court in which this question was involved since the rendition of the Smitham case, supra, but we would consider the cases conclusive on that question and follow them had not the Legislature after the rendition of the Carnes case, supra, amended article 5728 (old art. 3397) and by this amendment provided that in the contest of an election held on the prohibition question that the "District Court shall have jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and *publication of result* putting local option into effect; and provided that if no contest of said election is filed and prosecuted in the manner and within the time provided, *it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts."*

It will be noticed that the Legislature by this Act, if no contest of the election was held, requires the courts to conclusively presume "that the petition and all proceedings and orders relating thereto, embracing final count and declaration and publication of result putting local option into effect are in all respects valid and binding."

Since the amendment of article 5728 its provisions have been frequently before this court for construction. (Hardy v. State, 52 Texas Crim. Rep., 420; Phillips v. State, 53 Texas Crim. Rep., 505; Evans v. State, 55 Texas Crim. Rep., 450; Romero v. State, 56 Texas Crim. Rep., 435; Ex parte Thulemeyer, 56 Texas Crim. Rep., 337; Jerue v. State, 57 Texas Crim. Rep., 213; Wooten v. State, 57 Texas Crim. Rep., 89; Wesley v. State, 57 Texas Crim. Rep., 277; Gipson v. State, 58 Texas Crim. Rep., 403; Doyle v. State, 59 Texas Crim. Rep., 60.) In each and all of these cases it has been held that on the trial of a case, if no contest has been instituted, this court must conclusively presume (upon proof that an election had been held and the result declared) that all necessary steps to put it in force have been taken, and no evidence will be admitted tending to show that such election was illegal or proper orders had not been made. In the case of Jerue v. State, supra, it is stated that it was desired to prove that the election was illegal because the notice of election was not completed and published in the manner required by law, and it was held: "Since the passage of the Act of the Thirtieth Legislature (art. 5728) in respect to contests of elections and the presumption of validity, this point is no longer available to appellant." In Evans v. State, supra, this court says: "It follows, therefore, that the court did not err in refusing to

permit the appellant to introduce evidence going to show irregularities or defects in the initiatory steps necessary to place local option in effect. It was proper for the court to have the county attorney to introduce sufficient number of the orders of the Commissioners Court to show the county had adopted local option. It was also proper to refuse to permit appellant to contest the validity of said orders."

It is thus seen that since the adoption of article 5728, as amended *after* the rendition of the opinion in the Carnes case, supra, whenever the question has been presented to the court for review, it has been held that on the trial of a case it is only necessary to prove that the election was held and prohibition received a majority of the votes, or had been adopted, and when this proof is made, this court and all other courts are required by the statute to conclusively presume that all other steps necessary to putting local option into effect had been taken and were legally done.

Prior to the adoption of the statute it had been held necessary to allege and prove that the publication had been made, and that prohibition did not go into effect until it was shown that the publication had been made in accordance with law, and the Carnes case and other cases following it held it was necessary to allege and prove that the publication had been legally made. While if it were an original proposition we would be inclined to hold that article 5722 was not subject to the construction given it in the Carnes case, as that article does not provide that the publication shall be made on the order of the *county judge*, but rather that the county judge shall select a paper in which the order made by the Commissioners Court shall be published, yet but for the amendment of article 5728, adopted after the rendition of the Carnes opinion, and evidently superinduced in part by that opinion, we would not change the holding of the court but follow the construction there given that article. But the Legislature had the legal right to adopt article 5728, and it has been upheld in opinions by every judge sitting on this court since its adoption, and it has been construed to mean, and in fact says, in the absence of a contest of the legality of the election and the orders declaring the result and publication of the result the court shall conclusively presume them to be valid and binding upon all courts, and no person on the trial can raise any question of the validity of such orders on the trial of a case.

As it is no longer necessary to prove that the publication had been made, but only that an election had been held in the named territory and prohibition adopted, when the trial court and this court must conclusively presume that prohibition is in force, it is no longer necessary to allege in the indictment that the publication had been made, and such allegation being no longer essential to the validity of the indictment, if such allegation should be held to be improperly made, it can be and should be treated as surplusage. Mr. Branch in his work on Criminal Law, section 905, correctly states the rule to be: "If not descriptive of that which is legally essential to the validity of the in-

dictment, unnecessary words or allegations may be rejected as surplusage," citing Mayo v. State, 7 Texas Crim. App., 342; Warren v. State, 17 Texas Crim. App., 207; McConnell v. State, 22 Texas Crim. App., 354; Hammons v. State, 29 Texas Crim. App., 445; Taylor v. State, 29 Texas Crim. App., 466; Loggins v. State, 32 Texas Crim. Rep., 358; Lassiter v. State, 35 Texas Crim. Rep., 540; Jordan v. State, 37 Texas Crim. Rep., 222; Clark v. State, 41 Texas Crim. Rep., 641; Bolton v. State, 41 Texas Crim. Rep., 642; Rawls v. State, 48 Texas Crim. Rep., 622. Again he says: "If eliminating surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance, under our Code, and, therefore, sufficiently charges the offense," citing Coleman v. State, 2 Texas Crim. App., 512; Burke v. State, 5 Texas Crim. App., 74; Mayo v. State, 7 Texas Crim. App., 342; Holden v. State, 18 Texas Crim. App., 91; Cudd· v. State, 28 Texas Crim. App., 124; Hammons v. State, 29 Texas Crim. App., 445; Taylor v. State, 29 Texas Crim. App., 466; Loggins v. State, 32 Texas Crim. Rep., 358; Lassiter v. State, 35 Texas Crim. Rep., 540; Jordan v. State, 37 Texas Crim. Rep., 222; Lomax v. State, 38 Texas Crim. Rep., 318; Clark v. State, 41 Texas Crim. Rep., 641.

Mr. Bishop, in his work on Criminal Procedure (vol. 2, sec. 478, 2d ed.) says: "Surplusage is any allegation without which the pleading would remain adequate. Needless words and averments may ordinarily be treated as mere waste material, having no legal effect whatever. They need not be proved or otherwise regarded."

Eliminating all reference to the publication from this indictment, it would read, omitting formal parts: "In Bell County, Texas, on the 13th day of November, 1915, an election in accordance with the laws of this State was held under the authority of the Commissioners Court of said Bell County, Texas, theretofore duly made, to determine whether or not the sale of intoxicating liquors should be prohibited in Bell County, and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in said county; and thereupon the Commissioners Court of said Bell County, Texas, did pass an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said Bell County, Texas, and thereafter, to wit: on or about January 29, 1916, in said State and county, one Clark Cleveland did then and there unlawfully sell intoxicating liquors to Polly Parish in violation of said law," etc.

It is seen that the indictment informs appellant that prohibition had been adopted in Bell County, Texas, and while it was in force he had unlawfully sold intoxicating liquors to Polly Parish. How could he more specifically have been informed of the charge against him? Our Criminal Code specifically provides in article 475 that matters of which judicial notice is taken and presumptions of law need not be stated in

an indictment. This is not only the rule in this State by virtue of the statute above quoted, but as stated in Standard Enc. of Pro., vol. 12, p. 347, it is the rule at common law in the absence of statute. It states the rule to be: "Neither presumptions which the law makes from facts stated, nor matters of which judicial notice is taken by the courts need be stated in an indictment," citing cases from nearly all the States, including among them Misher v. State, 41 Texas Crim. Rep., 212. In that case defendant was indicted by the grand jury of Guadalupe County for rape committed in Colorado County. It was contended that the indictment was defective because it did not contain an allegation that Guadalupe County and Colorado County were in the same judicial district. The court held that the court was required to take judicial notice of the laws of the State, and, therefore, it was unnecessary to so allege in the indictment.

Article 5728 provides that when a prohibition election is held, and not contested within thirty days when it is proven that prohibition was adopted, this court and all other courts must conclusively presume that the petition was a legal one, and that all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting prohibition in effect, are in all respects legal and binding. As no evidence will be received to dispute these presumptions, the allegations in the indictment, omitting as surplusage all reference to publication, are sufficient, and the court did not err in overruling the motion to quash the indictment.

We do not wish to be understood to question the correctness of the ruling in the Carnes case, supra, when made, as the law then required proof of publication be made, but the Legislature having seen proper by later enactment to render it unnecessary to make that proof, and only requiring that proof need be made that an election had been held and prohibition adopted, when all courts must conclusively presume that all orders were made, and legally made, putting prohibition in force, it is no longer necessary to allege and prove that the publication had been made, and, therefore, the same rule does not now prevail by virtue of the statute that did prevail when the opinion in the Carnes case was rendered.

The only other question presented in the record is one complaining of the remarks of the district attorney. The remarks under ordinary circumstances would be improper, but the court in approving the bill states that the remark was brought about by the argument of counsel for the defendant, and was but in answer to the argument of appellant's counsel. Under such circumstances the language is not such as we would feel authorized to reverse the case on account of. However, we will state that both counsel for the State and appellant should in their argument discuss only the evidence adduced on the trial and legitimate deductions to be drawn therefrom.

The judgment is affirmed.        *Affirmed.*

DAVIDSON, Judge, does not agree to this affirmance.

DAVIDSON, JUDGE (dissenting).—My brethren have affirmed the judgment herein, and what I shall say here will also apply to causes Nos. 4137, Pete Hawthorne v. State; 4165, Leon Vance v. State; 4167, Will Dupree v. State. These cases involve the same question.

Omitting all portions except that directly at issue, the indictment failed to allege that the order had been published as required by law. It alleged that the Commissioners Court passed and published an order. The authorities are adverse to this as sufficient pleadings, and are collated by Mr. Branch in his recent Annotated Penal Code, on pages 694 and 695. These cases all hold that before there can be a violation of the local option law the result of such election must be so published as to put it into operation. In section 1231, on page 695, Mr. Branch thus states the rule: "Local option must be shown to be in force. The order declaring the result in favor of prohibition should be shown in the statement of facts on appeal; the court will not take judicial knowledge that local option is in force, nor of the time when it went into effect." There are a great number of cases cited in support of that proposition, and, so far as the writer is aware, all of them, without exception, are of the same import. It is also the rule, that local option does not become operative until the order declaring the result has been published for four successive weeks. Mr. Branch has collated these decisions in his valuable Annotated Penal Code, on page 696. Among others, Phillips v. State, 23 Texas Crim. App., 304; Jones v. State, 38 Texas Crim. Rep., 533; Chenowith v. State, 50 Texas Crim. Rep., 238, and Beaty v. State, 53 Texas Crim. Rep., 432. I might cite cases at greater length. My brethren cite a line of cases which hold that a local option election can not be contested as a collateral matter in the trial of a local option case. The statute so provides. There is a line of cases growing out of that statute, which hold that after a certain length of time a local option law shall not be contested. That article will be found in the Revised Civil Statutes, 1911, article 5728. That contest matter, however, only refers to the election, which has nothing to do with the order of the judge declaring the result by publication. Publication is not a matter of contest. It is the election and manner of holding it, whether there were fraudulent votes and matters of that sort growing out of and incidental to the election itself only which are subject of contest. It has nothing to do with the publishing order of the judge. It will be noticed by the terms of that statute that it only provides for contesting the elections. Prosecutions may go on, although there is a contest pending, but in all cases, everywhere and under all circumstances, so far as the writer knows, the law never goes into effect, nor can a prosecution be maintained under it, until the county judge has made the proper publication, etc. Some of these cases hold that in the trial of parties for the violation of that law the defendant can not object successfully to the introduction of the order of the Commissioners Court declaring the result of the election. But this has nothing to do with the sufficiency

of the pleadings in the indictment.  That only refers to rules of evidence.  The indictment setting out the offense must conform to the statute, and can not be maintained until the law is in force.  The manner of proving the case is one thing; the sufficiency of the indictment or information is a very different proposition.  The majority opinion has confused the rules of evidence with proper allegations in the indictment.  The indictment must legally allege the offense.  The evidence comes only in support of such allegations.  It is the rule everywhere understood in our jurisprudence, whether the law be local or general, that a prosecution can not be maintained until the law under which it is sought to be maintained becomes operative.  If the Legislature sees proper to make a general law go into effect immediately, a party could be held liable for subsequent violations of that law.  If it goes into effect ninety days after adjournment, prosecutions can not occur until the ninety days shall pass.  If the Legislature sould see proper to extend that time and make it operative six months or at a later date, the courts would be bound by it.  Until the law becomes operative a prosecution can not be had under it.  The Legislature was, required by the Constitution to pass reasonable laws whereby the people' of counties, justice precincts, cities, towns and subdivisions can vote on the exclusion of the sale of intoxicants in such territory.  The people reserved this right to themselves and so decreed it in the Constitution.  A majority vote have authority to put it into operation. When the vote has been had it does not become operative until the county judge has properly published the result.  The Legislature so made it.  The people so voted.  They understood and so voted that it would not be a law until the expiration of the publication, just like they understood that the general law of the State would not be operative until the time fixed by the Legislature when its acts should become operative.  Until it has been alleged that the law is operative, there is no sufficient pleading.  The indictment must allege an operating law. The rules of evidence and the pleadings in an indictment are quite distinct and different.  A sufficient pleading is necessary to admit required facts.  Because the accused can not except to evidence introduced under the article above cited, 5728, Revised Civil Statutes, affords no reason why the indictment should not allege the offense.  Under a code practice such as we have in Texas all necessary elements of the offense must be averred in the indictment to make it sufficient.  The evidence is a different thing.  The fact that a party may or may not be able to introduce a certain line of testimony under the indictment, does not make the indictment sufficient.  The sufficiency of the indictment is tested by the terms of the law under which it is framed.  That is the case here.  The indictment here failed to allege a case under an operating law.  This indictment does not charge the offense and there is no contention that it does, but my brethren hold that because appellant could not object to certain testimony, therefore the indictment is sufficient.  The authorities they cite in support of their propo-

sition apply only to evidence and not to allegations in the indictment These cases have no application as authorities to the proposition for which they are cited. Rules of evidence do not constitute valid indict-ments. The case must be averred as basis for the evidence.

What I have said here refers also to the cases of Pete Hawthorne v. State, No. 4137; Leon Vance v. State, No. 4165, and Will Dupree v. State, No. 4167. I have thought proper to write this much by way of dissent.