## GEORGE JENNINGS v. THE STATE.

### No. 6101.   Decided March 9, 1921.

**1.—Passing Forged Instrument—Indictment.**

Where, upon trial of passing a forged instrument, the indictment alleged that the defendant did then and there unlawfully attempt to pass as true to Omer Rider a forged instrument in writing, to the tenor following, describing the check, which said instrument in writing the said George Jennings then and there knew to be forged, and did then and there pass or attempt to pass the same as true, with intent to injure and defraud, the same was sufficient on motion to quash.

**2.—Same—Knowledge—Allegation and Proof.**

While it is necessary for the proof to show that the accused knew that the instrument was forged, and necessary for the court to so charge, then, likewise, it is necessary to allege the same in the indictment, and where this was done in the instant case, the same is sufficient. Following Feeny v. State, 58 Texas Crim. Rep., 152, and other cases.

**3.—Same—Surplusage—Indictment—Words and Phrases.**

Where defendant objected to the indictment on the ground that it alleged that defendant did then and there "pass or attempt to pass," but the record showed that it is apparent that the pleader meant to charge appellant with attempting to pass a forged check, the words "pass or" as used in the latter part of the count, may be eliminated as surplusage.

Appeal from the District Court of Shelby.   Tried below before the Honorable Charles L. Brachfield.

Appeal from a conviction of attempting to pass a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sanders & Sanders,* for appellant.—Cited cases in opinion.

*C. M. Cureton,* Attorney General, and *Wallace Hawkins,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of attempting to pass a forged instrument, and his punishment assessed at two years in the penitentiary.

The case is brought before us for review on only one question we can consider: the validity of the second count in the indictment under which the conviction was had.   Omitting the portions not necessary to this issue, the second count is as follows: "And the grand jurors aforesaid upon their oaths aforesaid, do present that  .  .  .   George Jennings, did then and there *unlawfully* attempt to pass as true to Omer Rider a forged instrument in writing to the tenor following :(Describes check) Which said instrument in writing the said George Jennings then and

there knew to be forged, and did then and there *pass or attempt to pass* the same as true, with intent to injure and defraud."

The appellant vigorously attacks the foregoing count, (1) because it nowhere, he claims, alleges that he "knowingly" attempted to pass it, and (2) because of the use of the language in the latter part of *"pass or attempt to pass."*

Article 937 Vernon's C. C., under which this prosecution proceeded, reads: "If any person shall knowingly pass as true, or attempt to pass as true, any such forged instrument in writing as is mentioned and defined in the preceding articles of this chapter, he shall be punished . . ." etc. The count, in the particular complained of, does not follow the exact language of the statute in that the word "knowingly" is not used.

Counsel for appellant in his brief lays down the proposition that in a prosecution for passing or attempting to pass a forged instrument, the proof must show that defendant *knew* at the time he passed, or attempted to pass, the same that it was forged, and cites Feeney v. State, 58 Texas Crim. Rep., 152; Henderson v. State, 14 Texas, 503-508; Thurmond v. State, 25 Texas Crim. App., 366; Sherwood v. State, 42 Texas, 498; Johnson v. State, 9 Texas Crim. App., 249; Maynard v. State, 39 S. W. Rep., 667.

We are in exact accord with appellant in the foregoing proposition; indeed he might have gone further, for the same authorities support the proposition that it was not only necessary to prove that appellant "knew" the instrument was forged, but necessary also for the court to charge the jury that they must find that appellant "knew" it was forged before they could convict. In the Feeney case, *supra*, the indictment charged that accused "knew" the instrument was forged, but the trial judge in submitting the case charged the jury that if accused "did knowingly pass said instrument as true" etc., but omitted from his charge that they must also find that accused "knew" it was forged, and objection was made to the charge because of that omission. Judge Davidson, writing the opinion for this court, said: "This criticism is correct. The instrument might have been forged, and appellant passed it as true, believing that it was true. In order to convict appellant for passing a forged instrument for the purpose of defrauding, he must knowingly do so; that is, he must know at the time he passed the instrument that it was a forgery," etc. The word "knowingly" as used in the definition of the offense of passing, or attempting to pass a forged instrument, has no reference to knowledge of the physical act of passing it. Such a construction would be senseless. It has reference to knowledge on accused's part as to the character of the instrument he is dealing with. As was said by Judge Hurt in Woods' case, 20 S. W. Rep., 915, in discussing a conviction for "knowingly" selling liquor to a minor: "It would be a remarkable case in which the vendor did not know he had made the sale."

If it is necessary for the proof to show that the accused "knew" the instrument was forged, and necessary for the court to so charge, then likewise it is necessary to allege it in the indictment. That has been done in the instant case, not following the exact language of the statute, but charging it even more pointedly. If we transpose the language of Article 937 to make it read: "If any person shall pass, or attempt to pass, as true any such forged instrument . . . and knew at the time that it was so forged, he shall be punished," etc., we still have the sense and purpose of it, and the indictment in the instant case so charges. In the first particular complained of in the indictment is not defective.

We will now consider the second ground upon which the indictment is attacked. It is well settled that if eliminating surplusage, the constituent elements of the offense are so averred as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution for the same offense, it is good. Hammons v. State, 29 Texas Crim. App., 466, 16 S. W. Rep., 99; Burke v. State, 5 Texas Crim. App. 76; Jordan v. State, 37 Texas Crim. Rep., 222; Lomax v. State, 38 Texas Crim. Rep., 318; Clark v. State, 41 Texas Crim. Rep., 641. Allegations not essential to constitute the offense and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded. Hammons' case, *supra*. If a count in an indictment contains inconsistent allegations, both of which cannot be true, and there is no means of ascertaining from the face of the indictment which is meant, the indictment is bad for repugnancy. Edgerton v. State, 70 S. W. Rep., 90; Hardeman v. State, 16 Texas Crim. App. 1. The converse of the latter proposition is equally true: that if it can be ascertained from the face of the indictment which is meant, the unnecessary part may be disregarded as surplusage.

An inspection of the count under consideration makes it perfectly apparent that the pleader meant to charge appellant with "attempting to pass" a forged check to Omer Rider, and hence the words "pass or" as used in the latter part of the count may be eliminated as surplusage, and leave a good indictment charging an "attempt to pass." It follows from what has been said that we regard the second proposition of appellant as untenable.

The judgment of the trial court is affirmed.

*Affirmed.*