### SIDNEY JOHNSON v. THE STATE.

#### No. 3866.  Decided December 22, 1915.

**1.—Pandering—Indictment—Surplusage.**

Where, upon trial of pandering, the defendant filed a motion to strike out certain language in the indictment as surplusage which the court overruled, there was no reversible error, as surplusage never vitiates an indictment; besides, said language was not surplusage, and there was no reversible error. Following Coleman v. State, 2 Texas Crim. App., 512, and other cases.

**2.—Same—Statement of Facts.**

Where the alleged statement of facts was not filed in time, the same will be stricken from the record on the motion of the State.

Appeal from the County Court of Jones.  Tried below before the Hon. J. F. Lindsey.

Appeal from a conviction of pandering; penalty, a fine of $100 and six months confinement in the county jail.

The opinion states the case.

*A. L. Brantley,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted under an indictment charging: "That anterior to the presentment of this indictment Sidney Johnson, late of the County of Jones, on the 23rd day of June in the

year of our Lord one thousand nine hundred and fifteen, with force and arms, in the County of Jones and State of Texas, did then and there allure and procure and solicit a female person, Mrs. Willie Marie Johnson, to be at a certain place in the town of Stamford, towit, a vacant lot near the public library in the town of Stamford, Texas, for the purpose of meeting and having unlawful sexual intercourse with male persons, and he, the said Sidney Johnson, did then and there give to numerous male persons the locations of said Willie Marie Johnson and thereby procured male persons to meet the said Willie Marie Johnson, whereby they did then and there have unlawful sexual intercourse with the said Willie Marie Johnson, for which purpose the said meeting was brought about."

He filed a motion to strike out the following language in the indictment: "And he, the said Sidney Johnson, did then and there give to numerous male persons the locations of said Willie Marie Johnson and thereby procured male persons to meet the said Willie Marie Johnson, whereby they did then and there have unlawful sexual intercourse with the said Willie Marie Johnson, for which purpose the said meeting was brought about," alleging that said language was surplusage and would confuse the jury; that the remainder of said bill charges an offense against the law without this surplusage.

Surplusage never vitiates an indictment, if the surplusage can be stricken out, and the remaining language charge an offense. Branch's Criminal Law, section 905, correctly states: "If, eliminating surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance, under our Code, and, therefore, sufficiently charges the offense." Coleman v. State, 2 Texas Crim. App., 512; Clark v. State, 41 Texas Crim. Rep., 641; Lomax v. State, 38 Texas Crim. Rep., 318; Jordan v. State, 37 Texas Crim. Rep., 222, and other cases cited under this section. And, as the language used would not render admissible any testimony that would not have been admissible, the failure to strike it out does not present reversible error, if surplusage. But we do not think the language used in any sense improper in the indictment. Appellant admits the indictment charges an offense, and says it would do so without this language, and if the pleader elected to go more in detail than was absolutely necessary and give the mode and method of procurement used, this would not affect the validity of the indictment.

The term of court at which appellant was tried adjourned September 25, 1915, and the statement of facts was not presented to the court for approval nor filed until November 10, 1915. No sufficient reason is assigned for this delay, and the motion of the Assistant Attorney General to strike out the statement of facts must be sustained. No other question is presented we can review, with no statement of facts we can consider.

The judgment is affirmed.

*Affirmed.*